947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Joe FIELDS, Defendant-Appellant.
 No. 91-2147.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK*, Circuit Judges.
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Law enforcement officers stopped defendant-appellant Jimmy Joe Fields on December 6, 1990, on a New Mexico roadway and cited him for a traffic violation. During the stop, an officer noticed what appeared to be a handgun stowed away beneath the front seat of defendant's truck. The officers searched the truck and discovered methamphetamine, the handgun, and a bayonet. Later, pursuant to a guilty plea, defendant was convicted of possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). Defendant appeals, contending that the district court misapplied the Sentencing Guidelines in enhancing his sentence for firearms possession during the course of a drug offense. See U.S.S.G. § 2D1.1(b)(1) (Nov. 1990). We review the district court's findings regarding firearms possession for clear error. See United States v. St. Julian, 922 F.2d 563, 571 (10th Cir.1990).
 
 
 2
 In sum, defendant contends that the firearms enhancement was erroneous because the government failed to produce evidence that he knowingly possessed the handgun. Scienter, however, clearly is not required for a firearms possession enhancement under the current version of the guidelines. See United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir.1991) (citing United States v. Fiala, 929 F.2d 285, 289 (7th Cir.1991); United States v. Suarez, 911 F.2d 1016, 1021 (5th Cir.1990)).[1] Instead, the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 2D1.1, comment. (n. 3). In this case, the district court found that the handgun "was in [defendant's] possession and readily available to him during the commission of a drug crime." III R. tr. at 18-19. Based on our review of the record, we cannot say that the district court finding is clearly erroneous, and we cannot say that it is "clearly improbable that the weapon was connected with the offense."
 
 
 3
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3