UNITED STATES of America,
Plaintiff,

v.

Deshaun Raffles MURPHY, Defendant.

Crim. No. 4–95–103(8)(DSD/FLN).
Civ. No. 99–2063 (DSD).

United States District Court,
D. Minnesota.

Aug. 7, 2000.

Henry J. Shea, Assistant U.S. Attorney, Minneapolis, MN, for plaintiff.

Deshaun R. Murphy, Pekin, IL, pro se.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion to vacate, set aside, or cor-

rect his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 689]. Based on a review of the file and record, defendant's motion is granted in part and denied in part.

## BACKGROUND

Defendant Deshaun Raffles Murphy was convicted by a jury on June 21, 1996 of: conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count I); use of a minor to assist in a conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 861(a)(1) (Count II); aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count III); and aiding and abetting the use or carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c) (Count IV). He was sentenced on January 10, 1997, to a term of 300 months imprisonment on Counts I, II and III, a consecutive term of 60 months imprisonment on Count IV and a term of supervised release of ten years. On appeal, the Eighth Circuit Court of Appeals affirmed. *United States v. Davis,* 154 F.3d 772 (8th Cir.1998). The Supreme Court denied defendant's petition for writ of certiorari on February 22, 1999, *Davis v. United States,* 525 U.S. 1169, 119 S.Ct. 1090, 143 L.Ed.2d 91 (1999), and this section 2255 motion for collateral relief followed.

## DISCUSSION

Collateral relief is available to a federal prisoner to challenge the imposition or length of sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255 (1994). Despite this apparently broad language, violations of federal law are only cognizable if they involve a "fundamental defect" resulting in a "complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

Defendant asserts four claims in his section 2255 motion. First, he alleges the government did not treat the drug type or quantity as elements of the conspiracy, in violation of his Fifth Amendment right to due process and Sixth Amendment right to a jury trial. Second, he contends his counsel was ineffective in failing to object to a sentencing enhancement for "crack cocaine" where the type of cocaine was not proven by a preponderance of the evidence, in violation of his Sixth Amendment right to trial counsel. Third, defendant asserts that the court incorrectly calculated the quantity of drug attributable to defendant, in violation of his Fifth Amendment right to due process. Fourth, defendant contends that the court improperly applied a supervisory role enhancement under U.S.S.G. § 3B1.1(c), in violation of his Fifth Amendment right to due process.

### I. Drug Type and Quantity

Defendant alleges that the government violated his Fifth and Sixth Amendment rights by using drug type and quantity to increase his statutory maximum penalty even though the jury made no specific finding as to the type or quantity of drug involved in the conspiracy. Specifically, defendant argues that absent such a jury finding he should have been sentenced under 21 U.S.C. § 841(b)(1)(C), the "catch-all" penalty provision for drug crimes that with one exception contains no reference to specific drug type or quantity. An individual sentenced under section 841(b)(1)(C) is not subject to a mandatory minimum sentence, and faces a maximum term of imprisonment of twenty years and a supervised release term of at least three years.

Instead of sentencing defendant under this provision, the court applied the harsher penalties of 21 U.S.C. § 841(b)(1)(A),

which provide in relevant part that where the offense involves five grams or more of cocaine base, the defendant is subject to a 10–year minimum term of imprisonment and maximum lifetime term of imprisonment and at least five years of supervised release. As part of its determination of relevant conduct, the court held defendant responsible for 800 grams of crack cocaine and sentenced defendant to a 300–month term of imprisonment on Counts I, II and III and a ten-year term of supervised release. Defendant asserts that under the Supreme Court's ruling in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), this sentence is unconstitutional.

In *Jones,* the Court addressed the question of whether the penalty enhancement section of a multipart federal statute (the federal carjacking statute) defined a separate crime or was merely a penalty provision.[1] The sentencing judge viewed the provision in question as a sentencing factor and accordingly, he enhanced defendant's sentence using facts that had not been submitted to the jury for a determination. On certiorari review, the Court reversed and remanded, concluding that each portion of the statute, including the provision setting forth the sentencing enhancement factor, defined a separate offense. 526 U.S. at 252, 119 S.Ct. 1215.

The Court explicitly stated in *Jones* that its decision did not announce a new principle of constitutional law, but "merely interpret[ed] a particular federal statute in light of a set of constitutional concerns that have emerged" in prior decisions. *Id.* at 251 n. 11, 119 S.Ct. 1215. Nevertheless, the Court broached the broader question of whether the Fifth and Sixth Amendments allow "judicial factfinding by a preponderance [to] support the application of a provision that increases the potential severity of the penalty for a variant of a

given crime." *Id.* at 242, 119 S.Ct. 1215. In footnoted dictum, the Court stated:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior convictions) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Id.* at 243 n. 6, 119 S.Ct. 1215.

Defendant asserts that this footnoted language compels correction of his sentence. The government correctly responds that the Court did not articulate a new principle of constitutional law in *Jones* and argues that even if it had articulated a new rule, the rule could not be retroactively applied to defendant's case. However, in the recent case *Apprendi v. New Jersey,* —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court reexamined its prior decisions in this area and confirmed as a rule the principle first expressed in *Jones:* "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* —— U.S. at —— – ——, 120 S.Ct. at 2362–63.

In a subsequent appellate decision, *United States v. Aguayo–Delgado,* 220 F.3d 926 (8th Cir.2000), the Eighth Circuit Court of Appeals concluded that "[i]n *Apprendi,* the Supreme Court made it clear that the principle discussed in *Jones* is a rule of constitutional law." *Id.* at 931. Moreover, as the *Aguayo–Delgado* decision confirms, the Court's ruling in *Apprendi* means that in any drug case where the defendant is subject to penalties in excess of those prescribed by 21 U.S.C. § 841(b)(1)(C), the government must

---

1. Section 2119 of Title 18 of the United States Code provides that the maximum sentence for carjacking is fifteen years of imprisonment, but the same statute provides that if serious bodily injury resulted from the carjacking, the

defendant can be sentenced to twenty-five years of imprisonment and that if death resulted, the defendant can be imprisoned for life.

charge drug quantity and prove that fact to the jury beyond a reasonable doubt. *Id.* at 932; *see also Apprendi,* —— U.S. at —— n. 21, 120 S.Ct. at 2366 n. 21 (signaling the relevance of the new rule to drug cases by referring to the Court's recent commentary on sentencing beyond the statutory maximum in drug conspiracy cases).

▆▆▆ The applicability of *Apprendi* to drug cases raises the question of whether this court must retroactively apply the new rule to defendant's case. In general, new constitutional rules of criminal procedure apply retroactively only to cases which are on direct state or federal appeal at the time the rule is announced. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). A new rule is not to be applied retroactively on collateral review unless the rule falls within one of two narrow exceptions: (1) the new rule places certain kinds of primary conduct beyond the power of the criminal lawmaking authority to proscribe, or (2) the rule requires the observance of "those procedures that ... are 'implicit in the concept of ordered liberty.'" *Teague v. Lane,* 489 U.S. 288, 305–310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (citations omitted). Retroactivity under *Teague* is a "threshold matter" which must be addressed "before considering the merits of [a] claim." *Caspari v. Bohlen,* 510 U.S. 383, 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994).[2]

▆▆▆ The first exception to the general rule prohibiting retroactivity applies only to rules that decriminalize a class of conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). The exception is inapplicable here. However, the *Apprendi* decision does implicate the second exception, which applies to those "watershed rules of criminal procedure" which "alter

our understanding of the bedrock procedural elements essential to the fairness of a proceeding" and "without which the likelihood of an accurate conviction is seriously diminished." *Sawyer v. Smith,* 497 U.S. 227, 242–244, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (quoting *Teague,* 489 U.S. at 311, 315, 109 S.Ct. 1060); *see also Bousley v. United States,* 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("The Teague doctrine is founded on the notion that one of the 'principal functions of habeas corpus [is] "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted."'" (citations omitted)).

In *Apprendi,* the Supreme Court observed:

At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," ... and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury," ... Taken together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin,* 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); see also *Sullivan v. Louisiana,* 508 U.S. 275, 278, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *Winship,* 397 U.S., at 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

—— U.S. at —— – ——, 120 S.Ct. at 2355–56.

---

**2.** In this case, although *Apprendi* had not yet been decided at the time the government submitted its brief, the government's argument against the retroactive application of *Jones* logically extends to *Apprendi* and therefore must be addressed at the outset.

The Court ultimately concluded in *Apprendi* that the Constitution requires a jury finding on any fact which increases the statutory maximum penalty. This conclusion compels a radical shift in criminal procedure in federal drug cases. This court has presided over countless trials and sentencings in which the court has served as the ultimate decision maker as to drug quantity. Indeed, the jury is often specifically instructed that it is not necessary for the government to prove the exact or precise amount of the drug alleged in the indictment. As such, a jury finding as to quantity is rare. *Cf. United States v. Sheppard*, 219 F.3d 766, 768 (8th Cir.2000) (upholding defendant's sentencing in a post-*Apprendi* appeal where the jury had made a special finding of drug type and quantity).

After *Apprendi*, to the extent that the government seeks to subject a drug offender to the higher penalties under 841(b)(1)(A) or (b)(1)(B), it must submit drug type and quantity to the jury, and the jury must find those facts beyond a reasonable doubt. The implications of the new rule are particularly significant in drug conspiracy cases. As the Court itself noted in *Apprendi*, "There is a vast difference between . . . a judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." ——

U.S. at ——, 120 S.Ct. at 2366; *see also In re Winship*, 397 U.S. 358, 363, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (quoting *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 39 L.Ed. 481 (1895)) ("The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' ").

There can be little doubt that the sweeping new requirement announced by the Court in *Apprendi* is so grounded in fundamental fairness that it may be considered of watershed importance. Accordingly, the court concludes that the *Apprendi* decision falls under the second exception to the *Teague* nonretroactivity principle and must be applied to this section 2255 motion.[3]

■ Applying this new rule to defendant's case, the court further concludes that defendant's sentence violates the *Apprendi* requirements. The court has carefully reviewed the jury instructions in this case and observes that the jury was specifically instructed that, "It is not necessary for the government to prove the exact or precise amount of cocaine base alleged in the indictment." [Doc. No. 494, p. 36]. The court believes this initial instruction

**3.** The court is mindful of the potential impact of the conclusion that *Apprendi* is applicable retroactively. As Justice O'Connor asserts in her dissenting opinion, *Apprendi* "threatens to unleash a flood of petitions by convicted defendants seeking to invalidate their sentences in whole or in part on the authority of the Court's decision today." —— U.S. at —— ——, 120 S.Ct. at 2394–95 (O'Connor, J., dissenting) However, the court notes that with respect to federal drug cases, petitions for collateral review may be filed only in those cases in which the sentence exceeds the 20-year maximum imposed by 21 U.S.C. § 841(b)(1)(C). *See Apprendi*, —— U.S. at —— n. 13, 120 S.Ct. at 2361 n. 13 (reaffirming the

sentencing court's discretion under *McMillan* while expressly limiting *McMillan* to "cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict."); *Aguayo–Delgado*, 220 F.3d 926. Moreover, qualified petitioners will have to overcome the additional barriers imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), including the one-year statute of limitations, *see* 28 U.S.C. §§ 2244(d) & 2255, the restrictions on successive petitions, *see* 28 U.S.C. §§ 2244(b) & 2255, and the heightened standard of review for state prisoners, *see* 28 U.S.C. § 2254(d)(1).

that the government need not prove quantity effectively foreclosed any meaningful jury deliberation on the issue of drug quantity.

It is true that the jury was also given an instruction regarding the elements of a conspiracy which contained the indictment's general quantity language "in excess of 50 grams of . . . cocaine base." [Doc. No. 494, p. 41] and was told that it must find all elements of the conspiracy beyond a reasonable doubt.[4] However, in the latter part of that instruction, where the court set forth the elements of the distribution and possession charges underlying the conspiracy, there was no mention whatsoever of quantity.

Viewing the instructions as a whole, the court concludes that the issue of drug quantity was not subjected to a reasonable doubt determination by the jury in defendant's case. Therefore, imposing a sentence under the harsher provisions of 841(b)(1)(A) was unlawful and defendant's motion as to this claim must be granted.

■ Upon granting a section 2255 motion, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial, or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. The remedy provided in section 2255 is broad and flexible, and entrusts the federal courts with the power to fashion appropriate relief. *See Andrews v. United States,* 373 U.S. 334, 339, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). In light of the conclusion that defendant's 300–month sentence under 841(b)(1)(A) is unlawful, the court vacates defendant's sentence as to Counts I, II and III and resentences defendant

under the provisions of 841(b)(1)(C) to a term of imprisonment of 240 months on Counts I, II and III.[5]

## II. Ineffective Assistance of Counsel

■ Defendant also raises an ineffective assistance of counsel claim. To prove ineffective assistance of counsel, defendant must show that: (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court applies an objective standard of reasonableness; counsel's performance will be considered constitutionally deficient if he "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Hayes v. Lockhart,* 766 F.2d 1247, 1251 (8th Cir.1985), *cert. denied,* 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985). There is a strong presumption that counsel acted competently and provided reasonable assistance of counsel, *Ford v. Lockhart,* 904 F.2d 458, 462 (8th Cir.1990), and defendant bears the heavy burden in overcoming that presumption, *Bramlett v. Lockhart,* 876 F.2d 644, 647 (8th Cir.1989), *cert. denied,* 493 U.S. 941, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989).

■ Defendant fails to meet this high standard. Although defendant claims his attorney failed to object to a "sentencing enhancement" for crack cocaine, defendant's attorney did in fact move for a downward departure, arguing that the government did not prove that the controlled substance which was seized was

---

**4.** Instruction No. 35 reads in relevant part:

The crime of conspiracy as charged in Count 1 of the indictment, has three essential elements, which are: *One:* From September 1995, to on or about November 28, 1995, in the State and District of Minnesota two or more persons reached an agreement or came to an understanding to knowingly distribute or possess with intent to distribute in excess of 50 grams of a mixture or

substance containing cocaine base ("crack") . . .

**5.** The court's decision has no effect on the defendant's consecutive sentence of 60 months on Count IV. Similarly, the court notes that the supervised release term of 10 years falls within the 841(b)(1)(C) penalty range and therefore does not require correction.

cocaine base. The court denied the motion, noting that the trial testimony of the forensic chemist conclusively established that the drugs seized comprised a mixture or substance containing cocaine base, [Sent. Tr., p. 36]. The record reflects that the chemist also testified that cocaine base is commonly referred to as "crack." [Trial Tr., Vol. VIII at 56]. Moreover, various lay witnesses testified they saw defendant cooking and selling "cocaine base" and "crack," [Trial Tr., Vol. VI at 53, 57–58, 99, 101–03], and the jury was specifically instructed that as a matter of law "cocaine base ('crack') is a controlled substance," [Doc. No. 494, p. 31]. In light of this record, there is no indication that defense counsel could have done anything to alter the inevitable conclusion that defendant had trafficked in crack cocaine. Absent evidence of either deficient performance or prejudice, defendant's motion as to the ineffective assistance of counsel claim is denied.

### III. Remaining claims

■ Finally, defendant contends that the court incorrectly calculated the amount of crack cocaine attributable to defendant as a co-conspirator and that the court incorrectly assigned him a supervisory role at sentencing. Both issues were raised on appeal to the Eighth Circuit and rejected. *See Davis*, 154 F.3d at 788. It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion brought pursuant to § 2255. *See U.S. v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981). Therefore, defendant's motion as to these claims is denied.

### CONCLUSION

Based on a review of the file and record, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 689] is granted as to his claim that he was unlawfully sentenced under 21 U.S.C. § 841(b)(1)(A).

2. Defendant's 300–month sentence on Counts I, II and III is vacated and in accordance with *Apprendi v. New Jersey*, —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he is resentenced under 21 U.S.C. § 841(b)(1)(C) to a term of imprisonment of 240 months on Counts I, II and III.

3. Defendant's motion to vacate, set aside or correct his sentence is denied as to his claims that he received ineffective assistance of counsel, that the court incorrectly calculated the amount of crack cocaine attributable to him as a co-conspirator and that the court incorrectly assigned him a supervisory role at sentencing.