Alan Bruce KLEIN, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 97–CV–295–J.

United States District Court,
D. Wyoming.

Dec. 19, 2000.

John R. Green, U.S. Attorney's Office, Cheyenne, WY, for defendant.

### ORDER GRANTING IN PART, AND DENYING IN PART PETITION UNDER 28 U.S.C. § 2255

ALAN B. JOHNSON, District Judge.

This matter came before the court on October 19, 2000, for hearing on petitioner's motion under 28 U.S.C. § 2255. Counsel appeared and presented arguments at the hearing. The Court, having considered the motion, the response, the pleadings of record, the evidence, the applicable law, and being fully advised, FINDS and ORDERS as follows:

#### Background

Petitioner was indicted on January 26, 1995 on one count of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Petitioner was subsequently convicted, by a jury. A sentence of 240 months of imprisonment and eight years of supervised release was imposed. The sentence reflects consideration by the court of petitioner's prior felony convictions, that petitioner distributed at least one kilogram but less than three kilograms of methamphetamine, and that petitioner possessed a gun upon his arrest.

Petitioner appealed the Judgment and Sentence. The United States Court of Appeals for the Tenth Circuit affirmed. *United States v. Klein*, 93 F.3d 698 (10th Cir.1996) *cert. denied Klein v. United States*, 519 U.S. 1048, 117 S.Ct. 624, 136 L.Ed.2d 547(1996).

Petitioner filed this petition pursuant to 28 U.S.C. § 2255 in March of 1998. The government filed its answer on June 12, 1998. Other pleadings were filed, including a motion to stay. The motion to stay proceedings was granted on August 13, 1998. On September 17, 1999 this Court granted the motion to lift the stay of proceedings. Petitioner submitted a memorandum of supplemental authority

Donald E. Miller, Graves, Miller & Kingston, Cheyenne, WY, Thomas J. Marlowe, Phoenix, AZ, for plaintiff.

on August 21, 2000, raising a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The petition was argued to the Court on October 19, 2000.

### Analysis

Petitioner contends that:

1. His trial counsel was ineffective for failing to review the indictment to ensure that the Indictment was presented to the jury in redacted form before it was submitted to the jury with the instructions at the end of the trial.

2. His counsel was ineffective by failing to call a critical witness at trial.

3. The court erred by adjusting the base offense level upward two levels for possession of a firearm (handgun) that was found in a vehicle that petitioner was a passenger in just before his arrest.

4. The court erred in attributing a greater quantity of narcotics at the sentencing hearing than what was supported by the evidence.

### I.

### Ineffective Assistance of Counsel Claims

 In order to sustain an ineffective assistance of counsel claim, a petitioner must establish: (1) that the trial attorney's conduct fell below an objective standard of reasonableness measured by the prevailing professional norms, and (2) that there was a reasonable probability that, but for counsel's conduct, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Under the first prong, petitioner must present a sufficient showing to overcome the "strong presumption that 'counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Pena*, 920 F.2d 1509, at 1509 (10th Cir.1990) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). A reasonable probability, under the second prong, "is a probability sufficient to undermine confidence in the outcome." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir.2000) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). In deciding ineffective assistance of counsel claims, the court need not consider the two components in any specific order, nor does the court need to address both if there is an insufficient showing of one. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *Walker v. Gibson*, 228 F.3d 1217, 1224 (10th Cir. 2000).

### Claim 1: Failure to review indictment before it was submitted to the jury

 Petitioner asserts that his counsel was ineffective in failing to review the indictment to ensure that the indictment was in redacted form before it was submitted to the jury. The indictment contained information about petitioner's possession of a large amount of cash and a loaded Firestar .45 caliber semi-automatic handgun at the time of his arrest. These matters were not submitted into evidence at trial.

The court allowed the jury to have a copy of the indictment for review in deliberations. The court repeatedly instructed the jury that the indictment was not evidence. Petitioner states that after the jury returned their verdict and the jurors were excused, one juror informed petitioner's attorney that she initially did not want to convict petitioner, but when she read the indictment she changed her mind. Petitioner claims that one other juror expressed the same concern.

This Court need not look at whether or not the attorney's conduct fell within professional norms. Petitioner cannot show that but for the attorney's conduct, the outcome would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

The Tenth Circuit, in petitioner's appeal, specifically stated that in their view, petitioner's confession and the corroboration by Mr. Rogers provided "overwhelming evidence of his guilt." *Klein*, 93 F.3d at

705. The Tenth Circuit further stated that the most common way to show the "harmlessness of an extraneous contact is to show the existence of overwhelming evidence of [the] defendant's guilt." *Id.* (citing *United States v. Davis*, 60 F.3d 1479, 1485 (10th Cir.1995)). The Tenth Circuit found the evidence and testimony at trial, including petitioner's confession, which the jurors heard from a Drug Enforcement Agent who interviewed petitioner, provided overwhelming evidence of guilt. *Klein*, 93 F.3d at 705.

We agree with the Tenth Circuit that there was overwhelming evidence of petitioner's guilt. Furthermore, it would be improper to call the juror to testify with respect to the verdict. Fed.R.Evid. 606(b). Thus, the only evidence is the attorney's statement of what the juror said. This is not enough to show that the outcome would have been different but for the attorney's failure to review the indictment and seek to have it redacted. Therefore his attorney's conduct does not rise to the level of ineffective assistance of counsel.

### Claim 2: Failure to call witness

Petitioner next contends that his counsel was ineffective by failing to call a critical witness. Petitioner asserts that Kelly Shoemaker, the purported source of the narcotics for the co-defendants, should have been called as a witness. He asserts that Kelly Shoemaker's testimony is important in linking petitioner to the earlier shipments from Kevin Coin to Larry Straker. This claim is connected with petitioner's fourth claim that the court erred in attributing to petitioner a greater amount of drugs then supported by the evidence and testimony. This Court will therefore address the issue more fully in petitioner's fourth claim.

## II.

### Sentencing Error Claims

 Petitioner's third and fourth claims for relief are based on alleged sentencing errors by the sentencing court.

The government contends that petitioner did not raise these issues on appeal and is thus barred from raising them in his section 2255 petition. Generally, a petitioner cannot raise claims in a section 2255 proceeding that were not raised in the petitioner's appeal. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.1993). There are two exceptions to this rule: (1) when a petitioner can demonstrate cause for not raising the claim on appeal and that petitioner was prejudiced by the failure to bring the claim, or (2) when a petitioner shows that a fundamental miscarriage of justice would occur if petitioner is not able to bring the claim. *Id.* (citing *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)); *United States v. Allen*, 16 F.3d 377 (10th Cir.1994). A petitioner can clear the cause and prejudice standard by raising ineffective assistance of counsel. *United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992).

Petitioner's failure to raise these Issues on appeal requires us to look at the cause and prejudice standard of *Frady*. In petitioner's traverse, petitioner converts the last two claims into ineffective assistance of counsel claims in order to meet the cause and prejudice standard needed to overcome a failure to raise these issues on direct appeal. *See United States v. Walling*, 982 F.2d 447, 449 (10th Cir.1992).

In order to establish ineffective assistance of counsel, petitioner again must meet the *Strickland* standard. That standard, as set forth above, requires petitioner to show that the attorney's performance was deficient and that the outcome would have been different, but for attorney's ineffective assistance. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "Under both the cause and prejudice and ineffective assistance of counsel tests, therefore, [petitioner] must show he would have prevailed on the merits of his claims." *United States v. Hobbs*, 19 F.3d 1444, 1994 WL 101893, *1 (10th Cir.1994) (citing *United States v. Walling*, 982 F.2d 447, 449 (10th Cir.

1992)). Accordingly, this Court will look at the merits of petitioner's claims.

## Claim 1. Weapon Enhancement

██ Petitioner argues that this court erred in applying a sentencing adjustment based on the existence of a handgun found in the car that he was a passenger in just before his arrest. Section 2D1.1(b)(1) of the United States Sentencing Guidelines states: "if a dangerous weapon (including a firearm) was possessed, increase by 2 levels."

 In order to show weapon possession the government has the burden of proving possession by a preponderance of the evidence, which may be satisfied by showing "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Roederer,* 11 F.3d 973, 982 (10th Cir.1993) (citing *U.S. v. Eastland,* 989 F.2d 760, 770 (5th Cir.1993)). Proximity is often established by evidence that the weapon was found at the location of drug transaction or drug storage. *Id.* at 983. Once the government meets that burden, the defendant must "show that the increase should not apply because it is 'clearly improbable' that the gun was connected to the offense." *United States v. Contreras,* 59 F.3d 1038, 1040 (10th Cir. 1995) (citing *United States v. Gomez–Arrellano,* 5 F.3d 464, 466 (10th Cir.1993)).

At the sentencing proceedings, the court noted that the Sentencing Guidelines only require possession of the handgun and relevant conduct. Transcript of Sentencing Proceedings at 82. At trial, Laura Beikler testified that she lent her car to petitioner on the day of the arrest. Transcript of Trial Proceedings, Volume VII at 36. When the law enforcement officers questioned her that same day she gave them a description of her car and the license plate number. *Id.* at 38. Petitioner called the residence while law enforcement officers were still questioning Ms. Beikler, and demanded that she bring the title, registration and insurance papers to him at a nearby convenience store. *Id.* Officers proceeded to the convenience store, found a car matching the description given by Ms. Beikler and found petitioner in the convenience store. *Id.* at 59 (testimony of Sgt. Sanchez). The sentencing court found that petitioner was in possession of Ms. Beikler's car. Transcript of Sentencing Proceedings at 82. The court went on to state that possession of the car was enough to find that petitioner had possession of the gun. *Id.*

Upon review of the sentencing transcript, this Court finds that there was no error in attributing the weapons enhancement. The Commentary to 2D1.1(b)(1) states that the weapon enhancement "should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense." Petitioner was in possession of the car and was thus in possession of the weapon.

Furthermore, the Tenth Circuit has held that "scienter is not required; simple possession alone will suffice for a firearm enhancement." *United States v. Underwood,* 938 F.2d 1086, 1090 (10th cir.1991) (citing *United States v. Fiala,* 929 F.2d 285, 289 (7th Cir.1991); *United States v. Suarez,* 911 F.2d 1016, 1021 (5th Cir. 1990)); *United States v. Fields,* 947 F.2d 954, 1991 WL 230172 (10th Cir.1991). The gun was found in a black nylon bag located on the rear floorboard of the passenger side of the car. Transcript of Sentencing Proceedings at p. 77. In addition, there was 104 grams of methamphetamine found in the black nylon bag. *Id.* at 46. This Court cannot conclude that it was clearly improbable that the weapon was connected to the offense. Therefore, petitioner could not win on the merits of his claim and thus his ineffective assistance of counsel claim falls on the weapon enhancement.

## Claim 2. Drug Quantity

Petitioner's next contention is that the sentencing court erred by attributing a greater amount of drugs in determining his base offense level than what was sup-

ported by the evidence at trial or collateral evidence.

The government must prove drug quantities by a preponderance of the evidence. *United States v. Cook*, 949 F.2d 289, 295 (10th Cir.1991); *United States v. Roederer*, 11 F.3d 973, 981 (10th Cir.1993). The sentencing court may estimate drug quantities, as long as those estimates are "based on information with a minimum indicia of reliability". *United States v. Guest*, 978 F.2d 577, 579 (10th Cir.1992), *cert. denied*, 514 U.S. 1043, 115 S.Ct. 1415, 131 L.Ed.2d 300 (quoting *United States v. Coleman*, 947 F.2d 1424, 1428 (10th Cir. 1991)) *cert. denied Guest v. United States* 514 U.S. 1043, 115 S.Ct. 1415, 131 L.Ed.2d 300 (1995); *United States v. Roederer*, 11 F.3d 973, 981 (10th Cir.1993).

At the sentencing hearing, the sentencing court found that the amount attributed to petitioner exceeded one kilogram. The one kilogram includes prior shipments to the co-defendants, 498 grams shipped from Arizona to Wyoming from the November 1999 transaction, ten grams taken out of the shipment by law enforcement officers, twenty-eight grams that David Rogers stated he took and 104 grams that was seized in Ms. Beikler's vehicle at the time of petitioner's arrest. The court relied on testimony presented by the law enforcement officers, testimony of other witnesses that were close to the defendant, and the circumstances surrounding the arrest of the petitioner to conclude that a nexus existed between the earlier transactions and the transaction which occurred in November 1999.

Upon review of the trial and sentencing transcripts, this court no longer believes that such a nexus existed between the prior shipments and the November transaction. This Court, however, does find that there was reliable evidence that the drug quantity equaled 640 grams. This amount includes the shipment of 498 grams from Arizona to Wyoming, the ten grams taken by law enforcement, the twenty-eight grams that David Rogers

took and the 104 grams found in the vehicle. Because the total amount of drugs is less than what was previously found, this court will correct petitioner's sentence.

Petitioner's earlier claim that Kelly Shoemaker should have been called as a witness, is no longer at issue. The earlier shipments of drugs that petitioner contends Kelly Shoemaker would have testified about, are no longer included in the drug quantity found by this court. Therefore the claim is moot.

## III. APPLICATION OF APPRENDI

Petitioner argues that the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies to the facts of this case. The *Apprendi* Court held that "[o]ther than the fact of a prior conviction, any fact that increases the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362–2363. Petitioner contends that neither the drug quantity nor the weapon enhancement were submitted to the jury.

The issue of *Apprendi's* retroactivity has not received as much attention from the various courts as other aspects of the *Apprendi* ruling. Many of the circuits that have looked at retroactivity have done so under the rubric of second or successive habeas corpus petitions. *Sustache–Rivera v. United States*, 221 F.3d 8 (1st Cir.2000); *In re Tatum*, 233 F.3d 857 (5th Cir.2000); *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000); *Hernandez v. United States*, 226 F.3d 839 (7th Cir.2000); *Rodgers v. United States*, 229 F.3d 704 (8th Cir.2000); *United States v. Falls*, 2000 WL 1610733 (unpublished disposition) (8th Cir.2000); *In re Joshua*, 224 F.3d 1281 (11th Cir.2000). Very few courts have dealt with the issue of whether *Apprendi* applies retroactively to an initial habeas corpus petition. *See Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000); *United States v. Murphy*, 109 F.Supp.2d 1059 (D.Minn.2000); *United*

States v. Pittman, 120 F.Supp.2d 1263, 1264–65 (D.Or.2000); West v. United States, 123 F.Supp.2d 845, 847 (D.Md. 2000); United States v. Johnson, 2000 WL 1801401, *2 (D.Neb.2000). Under Teague v. Lane 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), retroactivity is a threshold matter which must be examined before coming to the merits of the case. Teague, 489 at 300, 109 S.Ct. 1060.

■■■ Generally, new constitutional rules of criminal procedure apply to cases pending on direct review. Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). With two limited exceptions, new rules of criminal procedure are not applied to cases on collateral review. The United States Supreme Court, in Teague, held that new constitutional rules of criminal procedure can be applied only to cases on collateral review if they fall into one of two limited exceptions. Teague, 489 U.S. at 310–313, 109 S.Ct. 1060. The first exception is whether the rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. . . ." Teague, 489 U.S. at 311, 109 S.Ct. 1060 (citing Mackey v. United States, 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)). Apprendi does not fall under this exception.

The second exception are those procedures that "are 'implicit in the concept of ordered liberty.'" Teague, 489 U.S. at 311, 109 S.Ct. 1060 (citing Mackey, 401 U.S. at 693, 91 S.Ct. 1160). The Court went on to state that the second exception should be limited to those procedures that "would be so central to an accurate determination of innocence or guilt. . . ." Teague, 489 U.S. at 313, 109 S.Ct. 1060. See also United States v. Mandanici, 205 F.3d 519 (2nd Cir.2000) cert. denied Mandanici v. United States, —— U.S. ——, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000). The courts that have discussed this exception have differed on whether or not Apprendi falls under this exception. The district court of Minnesota, in Murphy, found that Apprendi fell under the second exception and thus applies retroactively to cases on collateral review. Murphy, 109 F.Supp.2d at 1064. The court in Murphy, however, does not appear to limit the Teague holding to procedures that are central in determining the guilt or innocence of the defendant. See generally Id. The Supreme Court in Teague was clear that it was limiting Justice Harlan's earlier opinion so that those procedures that are "implicit in the concept of ordered liberty" are also those procedures that are "central to the accurate determination of innocence or guilt". Teague, 489 U.S. at 312–313, 109 S.Ct. 1060. The district court of Oregon followed Ninth Circuit precedent which held that Apprendi does not apply retroactively to cases on collateral review. Pittman, 120 F.Supp.2d 1263, 1267–68. The court, however, went on to state that Apprendi does not relate to procedures that are central in determining the guilt or innocence of the defendant. Id. at 1270. The Oregon district court thus applied the Teague court's intended meaning of the second exception. The district court of Maryland in West, 123 F.Supp.2d 845, and the district court of Nebraska in Johnson, 2000 WL 1801401, have agreed with the reasoning of Pittman.

■■ This Court agrees that Apprendi does not set down a new constitutional rule of criminal procedure which improves the accuracy in determining guilt or innocence of the defendant. Therefore this court does not find that Apprendi falls under any of the exceptions to the non-retroactivity rule.

■■ Assuming, arguendo, that Apprendi does apply retroactively, this Court would then have to determine whether petitioner was procedurally barred from bringing his Apprendi claim. Petitioner could overcome any procedural default by showing cause and prejudice. Frady, 456 U.S. 152, 102 S.Ct. 1584.

Assuming that petitioner can overcome the procedural default obstacle, petitioner's Apprendi claim would ultimately fail.

Under *Apprendi,* anything that enhances a sentence over the statutory maximum must be given to a jury and proved beyond a reasonable doubt. *Apprendi,* 120 S.Ct. at 2362–2363. The circuit courts that have dealt with the issue of *Apprendi's* application to 21 U.S.C. § 841 cases have held that when the amount has not been charged in the indictment, submitted to the jury and proved beyond a reasonable doubt, then twenty years under section 841(b)(1)(C) is the maximum sentence that may be imposed upon a defendant. *United States v. Angle,* 230 F.3d 113 (4th Cir. 2000); *United States v. Doggett,* 230 F.3d 160 (5th Cir.2000); *United States v. Page,* 232 F.3d 536 (6th Cir.2000); *Talbott v. Indiana,* 226 F.3d 866 (7th Cir.2000); *United States v. Aguayo–Delgado,* 220 F.3d 926 (8th Cir.2000), *cert. denied Aguayo–Delgado v. United States,* —— U.S. ——, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000); *United States v. Garcia–Guizar,* 227 F.3d 1125 (9th Cir.2000); *United States v. Rogers,* 228 F.3d 1318 (11th Cir. 2000) Petitioner received twenty years and thus, even if *Apprendi* applied retroactively to cases on collateral review, *Apprendi* would not apply to the facts of this case.

### Order

For the above reasons, IT IS THEREFORE ORDERED that:

1. Petitioner's request to correct his sentence on the basis of ineffective assistance of counsel for failure to review the indictment is **DENIED;**

2. Petitioner's request to correct his sentence on the basis of ineffective assistance of counsel for failure to call a witness at trial is **DENIED;**

3. Petitioner's request to correct his sentence on the basis of sentencing errors by the sentencing court applying a weapon enhancement is **DENIED;**

4. Petitioner's request to correct his sentence on the basis of sentencing errors by the sentencing court attributing a higher drug quantity is **GRANTED.** This Court will correct petitioner's sentence by separate order.