**UNITED STATES of America,
Plaintiff,**

v.

**Gregory L. LATNEY, Defendant.**

**Cr. No. 95–45–01(TFH).
Civ. No. 00–2984.**

United States District Court,
District of Columbia.

Feb. 2, 2001.

Gregory L. Latney, Atlanta, GA, Pro se.

---

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Pending before the Court is defendant Gregory L. Latney's ("Latney" or "defendant") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Upon careful consideration of defendant's Motion, the government's Motion to Dismiss defendant's Motion as untimely filed, defendant's reply, and the entire record herein, this Court will deny defendant's § 2255 Motion and grant the government's Motion to Dismiss.

## I. BACKGROUND

On October 17, 1995, Latney was sentenced by this Court to 168 months' im-prisonment, to be followed by five years' supervised release, for his conviction of aiding and abetting the distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2. His conviction was upheld on appeal. *See United States v. Latney,* 108 F.3d 1446 (D.C.Cir. 1997). The Supreme Court denied defendant's petition for writ of certiorari on October 20, 1997. *See Latney v. U.S.,* 522 U.S. 940, 118 S.Ct. 355, 139 L.Ed.2d 276 (1997).

Latney mailed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 14, 2000. On December 28, 2000, the United States filed a Motion to Dismiss defendant's § 2255 Motion as untimely filed. Defendant filed a reply to the government's Motion to Dismiss on January 25, 2001.

## II. DISCUSSION

■ Effective April 24, 1996, in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted a one-year period of limitations on the filing of § 2255 motions. Specifically, section 105 of the AEDPA amended 28 U.S.C. § 2255 to state that:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the defendant's conviction became final on October 20, 1997, when the Supreme Court denied defendant's petition for writ of certiorari. *See United States v. Willis*, 202 F.3d 1279, 1280–81 (10th Cir. 2000) ("a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed"). Accordingly, the defendant was required to file his § 2255 motion by October 20, 1998. However, the record shows that the defendant did not mail the instant Motion until November 14, 2000, more than three years after his conviction became final.

Defendant argues that his Motion is timely because it was filed within one year of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In addition, defendant contends that his second claim regarding the validity of this Court's jury instructions cannot be procedurally defaulted because it represents a "jurisdictional defect." Def.'s Motion at 3. The government responds by saying that defendant's Motion is outside the one-year statute of limitations, because *Apprendi* has not been interpreted to apply retroactively to cases on collateral review. With respect to defendant's jury instruction claim, the government merely notes that defendant does not cite any exception to the applicable statute of limitations for this claim.

## A. *Apprendi* Issue

Defendant argues that the Supreme Court's recent opinion in *Apprendi* applies to the facts of this case. The *Apprendi* Court held that "[o]ther than the fact of a prior conviction, any fact that increases the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362–63. In this case, defendant contends that the drug quantity determination was not submitted to a jury and thus was not proved beyond a reasonable doubt.

Whether or not *Apprendi* is applicable to defendant's case depends first upon whether or not it can be retroactively applied to cases on collateral attack.[1] As defendant points out, most of the circuits that have considered the retroactivity of *Apprendi* have done so under the rubric of second or successive collateral attack petitions. *See, e.g., Sustache–Rivera v. United States*, 221 F.3d 8 (1st Cir.2000); *In re Tatum*, 233 F.3d 857 (5th Cir.2000); *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000); *Hernandez v. United States*, 226 F.3d 839 (7th Cir.2000); *Rodgers v. United States*, 229 F.3d 704 (8th Cir.2000); *In re Joshua*, 224 F.3d 1281 (11th Cir.2000). In fact, very few courts have dealt with the issue of whether *Apprendi* applies retroactively to an initial collateral attack. *See Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000); *United States v. Murphy*, 109 F.Supp.2d 1059 (D.Minn.2000); *United States v. Pittman*, 120 F.Supp.2d 1263, 1264–65 (D.Or.2000); *West v. United States*, 123 F.Supp.2d 845, 847 (D.Md. 2000); *United States v. Johnson*, 126 F.Supp.2d 1222, 1225 (D.Neb.2000).

 With two limited exceptions, new rules of criminal procedure are not applied to cases on collateral review. *Teague*, 489 U.S. at 310–313, 109 S.Ct. 1060. The first exception applies when the rule places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe...."

---

1. Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), retroactivity is a threshold matter which must be examined before coming to the merits of the case. *Teague*, 489 U.S. at 300, 109 S.Ct. 1060.

*Id.* at 311, 109 S.Ct. 1060. It is well-established that *Apprendi* does not fall within this exception. *See, e.g., Klein v. United States,* 125 F.Supp.2d 460, 467 (D.Wyo.2000); *Murphy,* 109 F.Supp.2d at 1063. The second exception applies to those procedures that "are 'implicit in the concept of ordered liberty.'" *Teague,* 489 U.S. at 311, 109 S.Ct. 1060. The Supreme Court has limited this exception to those procedures that "would be so central to an accurate determination of innocence or guilt . . . ." *Id.* at 313, 109 S.Ct. 1060. The courts that have analyzed this exception have differed on whether or not it would cover *Apprendi.* As defendant notes, the district court in Minnesota held that *Apprendi* falls within this second exception and thus applies retroactively to cases on collateral review. *See Murphy,* 109 F.Supp.2d at 1064. However, the vast majority of district courts to consider this issue, including Oregon, Maryland, Hawaii, the Eastern District of Pennsylvania, the Middle District of Tennessee, and Nebraska, have all determined that *Apprendi* does not apply retroactively to cases on collateral review. *See Pittman,* 120 F.Supp.2d at 1264–65; *West,* 123 F.Supp.2d at 847; *Panoke v. United States,* 2001 WL 46941, at *2–3 (D.Haw. Jan.5, 2001); *United States v. Gibbs,* 2000 WL 1909627, at *3–6 (E.D.Pa. Dec.19, 2000); *Ware v. United States,* 124 F.Supp.2d 590 (M.D.Tenn.2000); *Johnson,* 126 F.Supp.2d 1222, 1225–227. After carefully reviewing these competing decisions, this Court is persuaded that the latter holdings represent the better-reasoned approach. The Supreme Court in *Teague* was clear that it was limiting Justice Harlan's earlier opinion so that those procedures that are "implicit in the concept of ordered liberty" are also those procedures that are "central to the accurate determination of innocence or guilt . . ." *Teague,* 489 U.S. at 312–13, 109 S.Ct. 1060. *Apprendi* does not set down a new constitutional rule of criminal procedure which improves the accuracy in determining guilt or innocence of the defendant. The shifting of an element of the offense from the judge to the jury and requiring proof of such element beyond a reasonable doubt rather than by a preponderance of the evidence does not directly relate to the accuracy of the conviction or sentence, nor does it implicate fundamental fairness. Accordingly, this Court sides with the majority of district courts to have considered the issue in holding that *Apprendi* does not falls within any of the exceptions to the non-retroactivity rule and thus cannot be applied retroactively to cases on collateral attack.

However, even assuming that *Apprendi* did apply retroactively in this case, the Court would then have to determine whether Latney was procedurally barred from bringing his *Apprendi* claim. Procedural default may be overcome by a showing of cause and prejudice. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Assuming that Latney can overcome the procedural default obstacle, his claim would ultimately fail. Latney's sentence in this case did not exceed the statutory maximum prescribed for the specific offense for which he was indicted and convicted. Consequently, *Apprendi,* which holds that any fact, other than that of prior conviction, which "increases the penalty for a crime *beyond the statutory maximum*" must be submitted to a jury and proven beyond a reasonable doubt, is not implicated here. *See In re White,* 2000 WL 1838857, at *1 (D.D.C. Nov. 7, 2000); *see also United States v. Meshack,* 225 F.3d 556, 576–77 (5th Cir. 2000); *United States v. Aguayo–Delgado,* 220 F.3d 926, 934 (8th Cir.2000); *Klein,* 125 F.Supp.2d 460, 468. The prescribed statutory maximum term of imprisonment for this offense is life imprisonment.[2] *See*

2. Some circuit courts that have dealt with the issue of *Apprendi*'s application to 21 U.S.C. § 841 cases have held that when the amount of drugs has not been charged in the indictment, submitted to the jury and proved beyond a reasonable doubt, then twenty years

21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii); *see also* Presentence Report at 10. In this case, Latney received a sentence of 168 months imprisonment. Therefore, even if *Apprendi* applied retroactively to cases on collateral review, *Apprendi* would not apply to the facts of this case.

### B. Alleged Amendment to Jury Instruction

■ In his Section 2255 Motion, defendant claims, for the first time, that when this Court instructed the jury as to the alleged aiding and abetting charge, it impermissibly broadened the possible bases for conviction beyond the charging terms of the grand jury indictment and, in so doing, constructively amended the indictment. Def.'s Motion at 16. Moreover, defendant contends that "the prejudicial impact of the faulty instructions was exacerbated by the fact that the indictment was redacted by the deletion of co-defendant Victor Gross' name, prior to being given to the jury for deliberations." *Id.* at 16–17. The defendant has cited no law, and the Court has likewise found no legal authority, to support defendant's contention that his jury instruction claim is not procedurally defaulted by the fact that he did not raise it in the trial court or in his direct appeal and by the fact that his § 2255 Motion was untimely filed and is thus barred by the one-year statute of limitations. Accordingly, the Court finds that the defendant's jury instruction claim would be procedurally defaulted in this case.

■ Procedural default may be overcome only by a showing of cause and prejudice. *Frady*, 456 U.S. at 152, 102 S.Ct. 1584. Defendant has asserted no cause for the delay in asserting this claim. This claim does not depend upon new law, and the Court finds no valid reason for Latney's failure to bring it earlier. Moreover, after reviewing the jury instruction at issue, the Court is unable to find any basis for the alleged prejudice in this case. There is nothing confusing or misleading in the Court's instruction to the jury that "[i]t is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted the principal offender in committing the crime." *See* Jury Instr. at 11–12. This instruction does not modify an essential element of the offense of aiding and abetting as charged in the indictment and is thus distinguishable from the facts of the *United States v. Keller* case relied upon by the defendant. *See Keller*, 916 F.2d 628 (11th Cir.1990). In fact, the aiding and abetting jury instruction given in Latney's case is strikingly similar to the instruction upheld by the Supreme Court in *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) (instructing jury that to convict the defendant of aiding and abetting, the jury must find that "the defendant actually, although not physically present at the time of the commission of the offense, did, nonetheless, procure, counsel, command or aid *another* to commit the crime") (emphasis added). Contrary to defendant's unsubstantiated assertions, there is absolutely no credible evidence to support defendant's theory that he is being held without the benefit of a conviction obtained pursuant to a grand jury indictment. In fact, the defendant here was convicted of exactly

---

under section 841(b)(1)(C) is the maximum sentence that may be imposed upon a defendant. *United States v. Doggett*, 230 F.3d 160 (5th Cir.2000); *United States v. Page*, 232 F.3d 536 (6th Cir.2000); *Talbott v. Indiana*, 226 F.3d 866 (7th Cir.2000); *United States v. Aguayo–Delgado*, 220 F.3d 926 (8th Cir.2000), *cert. denied* —— U.S. ——, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000); *United States v. Garcia-*

*Guizar*, 227 F.3d 1125 (9th Cir.2000); *United States v. Rogers*, 228 F.3d 1318 (11th Cir. 2000). This Circuit has not yet ruled upon this issue; however, even assuming that the District of Columbia Circuit would apply the twenty-year maximum to this case, Latney's sentence of 168 months would still fall below this twenty-year or 240–month maximum.

**36**

the same aiding and abetting charge that was listed in the indictment and the Court's jury instructions in no way materially altered that charge. Therefore, defendant's claim with respect to the validity of this Court's jury instructions is also denied.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied and the government's Motion to Dismiss defendant's § 2255 Motion as untimely filed is granted. An order will accompany this Opinion.