THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL HELTON, Defendant-Appellant.

Fourth District   No. 4—00—0168

Opinion filed April 26, 2001.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Timothy J. Huyett, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In October 1996, a jury convicted defendant, Paul Helton, of four counts of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(2) (West 1994)). The trial court later sentenced him to an extended term of 50 years in prison on two counts, with those sentences to run consecutively. On direct appeal, this court affirmed defendant's convictions and sentences. *People v. Helton*, No. 4—96—0997 (March 4, 1998) (unpublished order pursuant to Supreme Court Rule 23). In February 1999, the Supreme Court of Illinois denied defendant's petition for leave to appeal. *People v. Helton*, 182 Ill. 2d 559, 707 N.E.2d 1242 (1999).

In March 1999, defendant filed a *pro se* petition for postconviction relief. In January 2000, the State filed a motion to dismiss defendant's postconviction petition, which the trial court granted following a February 2000 hearing.

Defendant appeals, arguing that (1) the extended-term sentencing provision of section 5—5—3.2(b)(1) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3.2(b)(1) (West 1994) (effective July 1, 1995)) and the consecutive sentencing provisions of sections 5—8—4(a) and (b) of the Unified Code (730 ILCS 5/5—8—4(a), 5—8—4(b) (West 1994)) are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000); and (2) he was deprived of his right to reasonable assistance of postconviction counsel. We affirm.

## I. *APPRENDI* ISSUES

Defendant first argues that (1) the enhanced sentencing provision of section 5—5—3.2(b)(1) of the Unified Code and (2) the consecutive sentencing provisions of sections 5—8—4(a) and (b) of the Unified Code are unconstitutional under *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

Before we consider the merits of defendant's constitutional claims, we must answer a threshold question presented by the procedural posture of this case—namely, whether defendants who have exhausted their direct appeal rights prior to the issuance of the *Apprendi* decision may nonetheless seek to challenge their sentences on the basis of that decision. For the following reasons, we hold that they may not.

■ In *People v. Flowers*, 138 Ill. 2d 218, 237, 561 N.E.2d 674, 682 (1990), the Supreme Court of Illinois adopted the test set forth by the United States Supreme Court in *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), for determining the retroactivity of new constitutional rules on collateral review under the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 1998)). As the court explained in *Flowers*, the *Teague* Court "held that decisions establishing new constitutional rules of criminal procedure are not to be applied retroactively to cases pending on collateral review unless the new rule either (1) places certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe, or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty." *Flowers*, 138 Ill. 2d at 237, 561 N.E.2d at 681-82, citing *Teague*, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct. at 1073. The Supreme Court has clarified that for a rule to qualify under the second *Teague* exception it must both (1) improve the accuracy of trial, and (2) " ' "alter our understanding of the *bedrock procedural elements*" ' essential to the fairness of a proceeding" (emphasis in original) (*Sawyer v. Smith*, 497 U.S. 227, 242, 111 L. Ed. 2d 193, 211, 110 S. Ct. 2822, 2831 (1990), quoting *Teague*, 489 U.S. at 311, 103 L. Ed. 2d at 357, 109 S. Ct. at 1076, quoting *Mackey v. United States*, 401 U.S. 667, 693, 28 L. Ed. 2d 404, 421, 91 S. Ct. 1160, 1180 (1971)).

In *Apprendi*, the United States Supreme Court noted that " 'under the [d]ue [p]rocess [c]lause of the [f]ifth [a]mendment and the notice and jury trial guarantees of the [s]ixth [a]mendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' " *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355, quoting *Jones v. United States*, 526 U.S. 227, 243 n.6, 143 L. Ed. 2d 311, 326 n.6, 119 S. Ct. 1215, 1224 n.6 (1999). Because the rule set forth in *Apprendi* does not address private individual conduct, the first *Teague* exception does not apply. Therefore, at issue here is whether the *Apprendi* rule falls within the second *Teague* exception.

The First District Appellate Court has thrice addressed whether *Apprendi* should be applied retroactively on collateral review. In *People*

*v. Beachem,* 317 Ill. App. 3d 693, 706, 740 N.E.2d 389, 397 (2000), a third division panel held that the rule set forth in *Apprendi* fell under the second *Teague* exception and thus applied retroactively. In so holding, the court described *Apprendi* as rectifying a situation akin to a trial judge convicting a defendant of a charge never made and never heard by a jury on the preponderance of the evidence. *Beachem,* 317 Ill. App. 3d at 702, 740 N.E.2d at 394. According to the court, such a conviction would be "repugnant to our notions of fundamental fairness." *Beachem,* 317 Ill. App. 3d at 702, 740 N.E.2d at 394-95. The *Beachem* court also relied, in part, on *United States v. Murphy,* 109 F. Supp. 2d 1059, 1064 (D. Minn. 2000), which held that the *Apprendi* rule satisfies the second *Teague* exception because it "compels a radical shift in criminal procedure."

Less than one month after the court filed its opinion in *Beachem,* a first division panel of the First District Appellate Court decided that *Apprendi* should not be applied retroactively to cases on collateral review because the *Apprendi* rule did not "alter our understanding of the bedrock procedural elements essential to a fair trial." *People v. Kizer,* 318 Ill. App. 3d 238, 248, 252, 741 N.E.2d 1103, 1112, 1115 (2000).

The *Kizer* court began its *Teague* analysis by noting that federal courts hold differing views on the matter, citing both *Murphy,* 109 F. Supp. 2d at 1064, and *Jones v. Smith,* 231 F.3d 1227, 1238 (9th Cir. 2000) (in which the Ninth Circuit declined to grant *habeas corpus* relief based on retroactive application of *Apprendi* under the second *Teague* exception). *Kizer,* 318 Ill. App. 3d at 248-49, 741 N.E.2d at 1112. The *Kizer* court then explained as follows: "As this is a matter of state law, and in light of the conflicting authority at the federal level, we must ultimately take our direction from the Illinois Supreme Court and its view of the scope of the second *Teague* exception in *Flowers.*" *Kizer,* 318 Ill. App. 3d at 249-50, 741 N.E.2d at 1113.

In *Flowers,* 138 Ill. 2d at 234-42, 561 N.E.2d at 680-84, the supreme court considered whether the new rule set forth in *People v. Reddick,* 123 Ill. 2d 184, 526 N.E.2d 141 (1988), applied retroactively. In *Reddick,* 123 Ill. 2d at 197, 526 N.E.2d at 146, the supreme court held as unconstitutional jury instructions which erroneously stated the burden of proof for voluntary-manslaughter-mitigating states of mind. In so holding, the *Reddick* court reasoned that if a jury followed the Illinois pattern jury instructions regarding murder and voluntary manslaughter, it could not possibly convict a defendant of manslaughter instead of murder. *Reddick,* 123 Ill. 2d at 194-95, 526 N.E.2d at 145. The *Flowers* court recognized that *Reddick* involved a "grave" jury instruction error of " 'constitutional magnitude.' " *Flowers,* 138

Ill. 2d at 236, 561 N.E.2d at 681 quoting *Falconer v. Lane*, 905 F.2d 1129, 1134 (7th Cir. 1990). Nevertheless, the *Flowers* court held that the *Reddick* rule did not qualify under the second *Teague* exception, stating, in pertinent part, as follows: "This exception must be narrowly construed[,] and we do not believe that the *Reddick* rule established such a component of basic due process so as to fall within it." *Flowers*, 138 Ill. 2d at 242, 561 N.E.2d at 684.

■ The *Kizer* court thus was persuaded that the Supreme Court of Illinois takes a narrow view of the second *Teague* exception, particularly in light of the following: (1) the *Flowers* court's recognition that *Reddick* announced a rule of constitutional dimension, and (2) federal *habeas corpus* courts had previously reached the opposite conclusion, retroactively applying new rules addressing erroneous jury instructions. *Kizer*, 318 Ill. App. 3d at 250-51, 741 N.E.2d at 1113-14. Accordingly, the *Kizer* court concluded that our supreme court would not find the *Apprendi* rule sufficiently fundamental to qualify under the second *Teague* exception. *Kizer*, 318 Ill. App. 3d at 252, 741 N.E.2d at 1115. As the *Kizer* court explained, the "burden of proof problem in *Reddick* exposed [the] defendants to the danger of deprivations just as unfair as any deriving from the *Apprendi* problem," and the two cases are of "commensurate gravity." *Kizer*, 318 Ill. App. 3d at 252, 741 N.E.2d at 1114-15.

In *People v. Scullark*, No. 1—99—1722, slip op. at 29 (March 13, 2001), a second division panel of the First District Appellate Court followed *Kizer* and declined to follow *Beachem*.

We agree with *Kizer*'s well-reasoned analysis and hold that *Apprendi* does not apply retroactively to cases on collateral review.

## II. UNREASONABLE ASSISTANCE OF POSTCONVICTION COUNSEL

■ Last, defendant argues that he did not receive reasonable assistance of postconviction counsel to which he is entitled under *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992). Specifically, he contends that his postconviction counsel did not read the record, as shown by counsel's failure to amend defendant's postconviction petition to allege that (1) his trial counsel was ineffective for failing to move to vacate two of his aggravated criminal sexual assault convictions, and (2) his appellate counsel was ineffective for failing to raise the issue on direct appeal. We disagree.

In *People v. Davis*, 156 Ill. 2d 149, 163, 619 N.E.2d 750, 758 (1993), the supreme court explained that a postconviction petitioner is not entitled to the advocacy of counsel for purposes of "exploration, investigation[,] and formulation of potential claims." Thus, postcon-

viction counsel is not required to comb the record for issues not raised in the defendant's *pro se* postconviction petition. Defendant did not raise the propriety of his multiple convictions in his postconviction petition. Accordingly, defendant was not deprived of his right to reasonable assistance of postconviction counsel when that counsel failed to raise the issue.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's dismissal of defendant's postconviction petition.

Affirmed.

KNECHT and COOK, JJ., concur.