749 N.E.2d 1007 (2001)
321 Ill. App.3d 420
255 Ill.Dec. 525
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Paul HELTON, Defendant-Appellant.
No. 4-00-0168.
Appellate Court of Illinois, Fourth District.
April 26, 2001.
Daniel M. Kirwan, Deputy Defender (Court appointed), Janet Gandy Fowler, *1008 Assistant Defender, Office of State Appellate Defender, 5th Dist., Mt. Vernon, for Paul Helton.
Timothy J. Huyett, State's Attorney, Lincoln, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, Thomas R. Dodegge, Staff Attorney, State's Attorneys Appellate Prosecutor, Springfield, for People.
Presiding Justice STEIGMANN delivered the opinion of the court:
In October 1996, a jury convicted defendant, Paul Helton, of four counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 1994)). The trial court later sentenced him to an extended term of 50 years in prison on two counts, with those sentences to run consecutively. On direct appeal, this court affirmed defendant's convictions and sentences. People v. Helton, No. 4-96-0997, 294 Ill.App.3d 1125, 242 Ill.Dec. 584, 721 N.E.2d 863 (March 4, 1998) (unpublished order pursuant to Supreme Court Rule 23). In February 1999, the Supreme Court of Illinois denied defendant's petition for leave to appeal. People v. Helton, 182 Ill.2d 559, 236 Ill.Dec. 672, 707 N.E.2d 1242 (1999).
In March 1999, defendant filed a pro se petition for postconviction relief. In January 2000, the State filed a motion to dismiss defendant's postconviction petition, which the trial court granted following a February 2000 hearing.
Defendant appeals, arguing that (1) the extended-term sentencing provision of section 5-5-3.2(b)(1) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3.2(b)(1) (West 1994) (effective July 1, 1995)) and the consecutive sentencing provisions of sections 5-8-4(a) and (b) of the Unified Code (730 ILCS 5/5-8-4(a), 5-8-4(b) (West 1994)) are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 488-92, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000); and (2) he was deprived of his right to reasonable assistance of postconviction counsel. We affirm.

I. APPRENDI ISSUES
Defendant first argues that (1) the enhanced sentencing provision of section 5-5-3.2(b)(1) of the Unified Code and (2) the consecutive sentencing provisions of sections 5-8-4(a) and (b) of the Unified Code are unconstitutional under Apprendi 530 U.S. at 488-92, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455.
Before we consider the merits of defendant's constitutional claims, we must answer a threshold question presented by the procedural posture of this casenamely, whether defendants who have exhausted their direct appeal rights prior to the issuance of the Apprendi decision may nonetheless seek to challenge their sentences on the basis of that decision. For the following reasons, we hold that they may not.
In People v. Flowers, 138 Ill.2d 218, 237, 149 Ill.Dec. 304, 561 N.E.2d 674, 682 (1990), the Supreme Court of Illinois adopted the test set forth by the United States Supreme Court in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), for determining the retroactivity of new constitutional rules on collateral review under the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 1998)). As the court explained in Flowers, the Teague Court "held that decisions establishing new constitutional rules of criminal procedure are not to be applied retroactively to cases pending on collateral review unless the new rule either (1) places certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe, or (2) requires the observance of those procedures that are implicit in the *1009 concept of ordered liberty." Flowers, 138 Ill.2d at 237, 149 Ill.Dec. 304, 561 N.E.2d at 681-82, citing Teague, 489 U.S. at 307, 109 S.Ct. at 1073, 103 L.Ed.2d at 353. The Supreme Court has clarified that for a rule to qualify under the second Teague exception it must both (1) improve the accuracy of trial, and (2) "`"alter our understanding of the bedrock procedural elements"' essential to the fairness of a proceeding" (emphasis in original) (Sawyer v. Smith, 497 U.S. 227, 242, 110 S.Ct. 2822, 2831, 111 L.Ed.2d 193, 211 (1990), quoting Teague, 489 U.S. at 311, 109 S.Ct. at 1076, 103 L.Ed.2d at 357, quoting Mackey v. United States, 401 U.S. 667, 693, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404, 421 (1971)).
In Apprendi, the United States Supreme Court noted that "`under the [d]ue [p]rocess [c]lause of the [f]ifth [a]mendment and the notice and jury trial guarantees of the [s]ixth [a]mendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" Apprendi 530 U.S. at 476, 120 S.Ct. at 2355, 147 L.Ed.2d at 446, quoting Jones v. United States, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 1224 n. 6, 143 L.Ed.2d 311, 326 n. 6 (1999). Because the rule set forth in Apprendi does not address private individual conduct, the first Teague exception does not apply. Therefore, at issue here is whether the Apprendi rule falls within the second Teague exception.
The First District Appellate Court has thrice addressed whether Apprendi should be applied retroactively on collateral review. In People v. Beachem, 317 Ill. App.3d 693, 706, 251 Ill.Dec. 308, 740 N.E.2d 389, 397 (2000), a third division panel held that the rule set forth in Apprendi. fell under the second Teague exception and thus applied retroactively. In so holding, the court described Apprendi as rectifying a situation akin to a trial judge convicting a defendant of a charge never made and never heard by a jury on the preponderance of the evidence. Beachem, 317 Ill.App.3d at 702, 251 Ill.Dec. 308, 740 N.E.2d at 394. According to the court, such a conviction would be "repugnant to our notions of fundamental fairness." Beachem, 317 Ill.App.3d at 702, 251 Ill.Dec. 308, 740 N.E.2d at 394-95. The Beachem court also relied, in part, on United States v. Murphy, 109 F.Supp.2d 1059, 1064 (D.Minn.2000), which held that the Apprendi rule satisfies the second Teague exception because it "compels a radical shift in criminal procedure."
Less than one month after the court filed its opinion in Beachem, a first division panel of the First District Appellate Court decided that Apprendi should not be applied retroactively to cases on collateral review because the Apprendi rule did not "alter our understanding of the bedrock procedural elements essential to a fair trial." People v. Kizer, 318 Ill.App.3d 238, 248, 252, 251 Ill.Dec. 925, 741 N.E.2d 1103, 1112, 1115 (2000).
The Kizer court began its Teague analysis by noting that federal courts hold differing views on the matter, citing both Murphy, 109 F.Supp.2d at 1064, and Jones v. Smith, 231 F.3d 1227, 1238 (9th Cir. 2000) (in which the Ninth Circuit declined to grant habeas corpus relief based on retroactive application of Apprendi under the second Teague exception). Kizer, 318 Ill.App.3d at 248-49, 251 Ill.Dec. 925, 741 N.E.2d at 1112. The Kizer court then explained as follows: "As this is a matter of state law, and in light of the conflicting authority at the federal level, we must ultimately take our direction from the Illinois Supreme Court and its view of the scope of the second Teague exception in Flowers." Kizer, 318 Ill.App.3d at 249-50, 251 Ill.Dec. 925, 741 N.E.2d at 1113.
*1010 In Flowers, 138 Ill.2d at 234-42, 149 Ill.Dec. 304, 561 N.E.2d at 680-84, the supreme court considered whether the new rule set forth in People v. Reddick, 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988), applied retroactively. In Reddick, 123 Ill.2d at 197, 122 Ill.Dec. 1, 526 N.E.2d at 146, the supreme court held as unconstitutional jury instructions which erroneously stated the burden of proof for voluntary-manslaughter-mitigating states of mind. In so holding, the Reddick court reasoned that if a jury followed the Illinois pattern jury instructions regarding murder and voluntary manslaughter, it could not possibly convict a defendant of manslaughter instead of murder. Reddick, 123 Ill.2d at 194-95, 122 Ill.Dec. 1, 526 N.E.2d at 145. The Flowers court recognized that Reddick involved a "grave" jury instruction error of "`constitutional magnitude.'" Flowers, 138 Ill.2d at 236, 149 Ill.Dec. 304, 561 N.E.2d at 681 quoting Falconer v. Lane, 905 F.2d 1129, 1134 (7th Cir.1990). Nevertheless, the Flowers court held that the Reddick rule did not qualify under the second Teague exception, stating, in pertinent part, as follows: "This exception must be narrowly construed[,] and we do not believe that the Reddick rule established such a component of basic due process so as to fall within it." Flowers, 138 Ill.2d at 242, 149 Ill.Dec. 304, 561 N.E.2d at 684.
The Kizer court thus was persuaded that the Supreme Court of Illinois takes a narrow view of the second Teague exception, particularly in light of the following: (1) the Flowers court's recognition that Reddick announced a rule of constitutional dimension, and (2) federal habeas corpus courts had previously reached the opposite conclusion, retroactively applying new rules addressing erroneous jury instructions. Kizer, 318 Ill.App.3d at 250-51, 251 Ill.Dec. 925, 741 N.E.2d at 1113-14. Accordingly, the Kizer court concluded that our supreme court would not find the Apprendi rule sufficiently fundamental to qualify under the second Teague exception. Kizer, 318 Ill.App.3d at 252, 251 Ill.Dec. 925, 741 N.E.2d at 1115. As the Kizer court explained, the "burden of proof problem in Reddick exposed [the] defendants to the danger of deprivations just as unfair as any deriving from the Apprendi problem," and the two cases are of "commensurate gravity." Kizer, 318 Ill.App.3d at 252, 251 Ill.Dec. 925, 741 N.E.2d at 1114-15.
In People v. Scullark, No. 1-99-1722, slip op. at 29 (March 13, 2001), ____ Ill. App.3d ____, ____, ___ Ill.Dec. ____, ____ N.E.2d ____, ____, 2001 WL 267296, a second division panel of the First District Appellate Court followed Kizer and declined to follow Beachem.
We agree with Kizer`s well-reasoned analysis and hold that Apprendi does not apply retroactively to cases on collateral review.

II. UNREASONABLE ASSISTANCE OF POSTCONVICTION COUNSEL
Last, defendant argues that he did not receive reasonable assistance of postconviction counsel to which he is entitled under People v. Flores, 153 Ill.2d 264, 276, 180 Ill.Dec. 1, 606 N.E.2d 1078, 1084 (1992). Specifically, he contends that his postconviction counsel did not read the record, as shown by counsel's failure to amend defendant's postconviction petition to allege that (1) his trial counsel was ineffective for failing to move to vacate two of his aggravated criminal sexual assault convictions, and (2) his appellate counsel was ineffective for failing to raise the issue on direct appeal. We disagree.
In People v. Davis, 156 Ill.2d 149, 163, 189 Ill.Dec. 49, 619 N.E.2d 750, 758 (1993), the supreme court explained that a postconviction petitioner is not entitled to the advocacy of counsel for purposes of *1011 "exploration, investigation[,] and formulation of potential claims." Thus, postconviction counsel is not required to comb the record for issues not raised in the defendant's pro se postconviction petition. Defendant did not raise the propriety of his multiple convictions in his postconviction petition. Accordingly, defendant was not deprived of his right to reasonable assistance of postconviction counsel when that counsel failed to raise the issue.

III. CONCLUSION
For the reasons stated, we affirm the trial court's dismissal of defendant's post-conviction petition.
Affirmed.
KNECHT and COOK, JJ., concur.