2021 IL App (1st) 190562-U

THIRD DIVISION
March 31, 2021

No. 1-19-0562

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 36130666 |
| | ) | 36130667 |
| | ) | 36130668 |
| | ) | |
| RUBEN SANCHEZ, | ) | Honorable |
| | ) | Donald R. Havis, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Burke concurred in the judgment.

**ORDER**

¶ 1     *Held*:  No error occurred in the second stage dismissal of defendant's postconviction
             petition where defendant received reasonable assistance from his appointed
             postconviction counsel.

¶ 2     This case appears before us following a remand for further second stage postconviction

proceedings. Defendant Ruben Sanchez filed a *pro se* postconviction petition seeking relief from

his guilty plea in a misdemeanor DUI case, which the trial court dismissed at the second stage.

On appeal, we reversed the dismissal as premature because postconviction counsel had explicitly

stated that he had not yet complied with Supreme Court Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) and remanded. *People v. Sanchez*, 2017 IL App (1st) 160761-U.

¶ 3        On remand, postconviction counsel filed a Rule 651(c) certificate. The State filed a motion to dismiss defendant's petition, which the trial court granted. Defendant now appeals the trial court's dismissal of his postconviction petition, arguing that the trial court failed to comply with this court's mandate to conduct second stage postconviction proceedings, and thus, forced postconviction counsel to provide unreasonable assistance.

¶ 4        On May 5, 2010, defendant was charged with misdemeanor driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2010)). Defendant was subsequently charged with a felony DUI in August 2010. The State elected to proceed first on the felony DUI and this case was held in abeyance. The felony DUI proceeded to a jury trial in January 2011. On March 8, 2011, defendant was sentenced to a term of 18 months for the felony DUI. On the same date, defendant's attorney on the misdemeanor case indicated that a plea deal had been reached. Defendant then pled guilty to misdemeanor DUI in exchange for a sentence of 211 days, time considered served, and court costs.

¶ 5        In July 2011, defendant filed his *pro se* postconviction petition, raising multiple claims, including a claim of ineffective assistance of trial counsel. The petition appeared before the trial court later that month, and the court appointed the public defender. The public defender was formally appointed for postconviction relief in November 2011. In September 2014, the State filed a limited motion to dismiss defendant's postconviction petition based on standing, arguing that since defendant was no longer being held in either the Cook County Department of Corrections or within the Illinois Department of Corrections on this case, defendant lacked standing to file under the Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122-1

*et seq.* (West 2010)). In October 2014, defendant filed a response to the motion to dismiss, arguing that defendant had standing to pursue postconviction relief under *People v. Warr*, 54 Ill. 2d 287 (1973). At the hearing on the motion to dismiss, the State conceded that defendant had standing and, accordingly, his petition was timely filed.

¶ 6     The prosecutor then asserted that postconviction counsel should not have been appointed. The trial court then asked if defendant's petition alleged grounds for relief. The prosecutor argued that defendant's allegations did not trigger constitutional protection. Postconviction counsel contended that the only issue before the court was whether defendant had standing. The trial court stated that the prosecutor "conceded that part," and asked whether based upon "the point of the four corners of this document that your client filed is there any facts that would give him remedy to post conviction at this point." Postconviction counsel asserted that he was investigating defendant's claim of ineffective assistance of counsel and asked for the opportunity to supplement defendant's petition with affidavits. The court then observed that defendant's petition had been pending over three years with no supplemental documents filed. Counsel responded he had not complied with Rule 651(c) yet by either supplementing the petition or certifying that he was unable to do so. The trial court then *sua sponte* dismissed defendant's petition. Defendant filed a motion to reconsider the dismissal, which the court denied.

¶ 7     On appeal, defendant argued that the trial court erred in dismissing his postconviction petition because his postconviction counsel stated on the record that he had not complied with Rule 651(c). *Sanchez*, 2017 IL App (1st) 160761-U, ¶ 2. Defendant also contended that the State improperly orally moved to dismiss his petition on the merits without filing a written motion, but we did not reach this claim because we found the first issue dispositive. *Id*. We concluded that "the trial court improperly circumvented counsel's obligations" under Rule 651(c) by dismissing

the petition before counsel had completed his investigation. *Id.* ¶ 18. This court further observed that there is no timeframe to resolve a pending petition under the Post-Conviction Act. *Id*. We also declined the State's assertion that postconviction counsel had substantially complied with Rule 651(c) because the record showed that counsel had intended to supplement defendant's petition, but was prevented from doing so. *Id*. ¶ 19. Accordingly, we reversed and remanded for further second stage proceedings. *Id*.

¶ 8       Following remand, a new public defender was appointed to represent defendant in November 2017. Defendant's prior postconviction counsel had left the public defender's office while the appeal was pending. At the December 2017 status hearing, postconviction counsel informed the trial court that he was in the process of requesting the appellate court record which included a transcript of the trial proceedings and the documents filed on appeal. The prosecutor had no objection to the continuance for postconviction counsel to review these materials.  At an April 2018 status hearing, postconviction counsel indicated that he had received the files from the prior postconviction counsel, but was still waiting to obtain the appellate record.

¶ 9       At an October 2018 status hearing, a representative from office of the clerk of the circuit court was present to explain the delay in providing the appellate record to postconviction counsel. She informed the court the delay occurred due to a mistake in communication. She requested a continuance for two weeks to obtain the record. At the following status hearing, the prosecutor stated that the record had been obtained and postconviction counsel requested time to review the record. At the December 2018 status hearing, postconviction counsel asked for additional time to complete his review of the record. Counsel stated:

>                "I think according to the Illinois Supreme Court Rule I'm required to read
>        through transcripts which are material to my client's efforts to either withdraw his

guilty plea or file a post-conviction, and there may be arguments or statements or facts contained in those transcripts that might be relevant to this proceeding now. And in order to protect myself and represent my client I think I should read through all transcripts involved in this case."

¶ 10     At the following status date in January 2019, postconviction counsel informed the trial court that he had filed a motion to engage in postconviction discovery. He explained:

"I talked to my client. My client and I have discussed his case. My client's informed me that there were some other post-conviction documents and investigations that he believes his attorney conducted. He believes that his former post-conviction attorney conducted investigations. Those investigations are not contained in my file, so I am requesting the opportunity to—"

¶ 11     The court then asked counsel what documents he was seeking and counsel answered that he was referring to documents regarding an investigation conducted by the former postconviction counsel concerning the sufficiency of the evidence to support defendant's guilty plea. The State asked the court to deny the motion for further discovery. The court asked counsel when he spoke with defendant about this claim. Counsel responded:

"Back in September. I have had several conversations with my client. But that was before I actually got the appellate transcript, which I only received in late December. And I think that's the main reason why this case has taken so long, from my perspective, is the fact that I just didn't have a record of the trial proceedings until December of 2018. So I know this case has been in your courtroom for a long time, and I apologize for that; but the reason why I couldn't

move forward any faster is because I just didn't have a copy of the appellate record until December of 2018."

¶ 12    The trial court stated that this court remanded the case for a second stage hearing. The following colloquy occurred between the trial court and postconviction counsel regarding this court's mandate for second stage postconviction proceedings:

"THE COURT: Not because an investigation wasn't done. It was because an attorney was appointed, and based upon when an attorney is appointed, now you move to stage 2 of it. That's why they reversed it and sent it back, not because the investigation whatsoever. I have read the case. I read the case I don't know how many times. So I know exactly why they sent it back. So for you to tell me right now that it was sent back because an investigation was not done, that's incorrect

POSTCONVICTION COUNSEL: Well, I have to apologize, your Honor. I must be mistaken based upon my reading of the appellate court's decision in this case. Unfortunately, it was my understanding that [prior postconviction counsel] had not filed his 651 certificate which should have said that he had completed his investigation. That's what's done according to the Illinois Supreme Court Rules, that once a post-conviction attorney has completed their investigation, they file a 651(c) certificate. And because [prior postconviction counsel] did not complete his investigation, he couldn't file a 651(c) certificate, and therefore when the case was dismissed, it was deemed by the appellate court to be dismissed improperly.

And what I am stating here at this moment is that I am in the same position that [prior postconviction counsel] is in, is that because I haven't

completed my investigation, I can't file a 651(c) certificate, so I can't move forward."

¶ 13 The court continued the matter for two weeks. At the next status hearing, postconviction counsel informed the court that he spoke with prior counsel. Prior counsel indicated that he "vaguely recalled the case." Since postconviction counsel had prior counsel's file in his possession, counsel withdrew his motion for additional discovery.

¶ 14 In February 2019, postconviction counsel filed his Rule 651(c) certificate and an affidavit from defendant. Counsel also noted that defendant filed a *pro se* postconviction document and asked the court to consider that document alongside the petition. Counsel's Rule 651(c) certificate stated:

> "1. I have consulted with the Petitioner, Ruben Sanchez, in person and by telephone on numerous occasions to ascertain his contentions of deprivations of constitutional rights.
>
> 2. I have read Petitioner's *Pro-se* Petition For Post-Conviction Relief which was filed on July 6, 2011. I have spoken to Petitioner's previous post-conviction counsel, *** and have reviewed Petitioner's initial post-conviction files.
>
> 3. I have obtained and examined the March 8, 2011 transcript of the Petitioner's guilty plea in case numbers 3613066, 36130667 and 36130668 before the Honorable Raymond L. Jagielski. I have obtained and examined the Petitioner's appellate transcript and reviewed the Illinois Appellate Court decision in case number 1-11-0900.
>
> 4. I have examined the Petitioner's *pro-se* pleadings and assisted the Petitioner in preparing a new *pro-se* affidavit. Petitioner's *pro-se* pleadings and

documents adequately present his claims of deprivations of constitutional rights. Thus, there is nothing that can be added by an additional amended or supplemental petition."

¶ 15    The State subsequently filed a motion to dismiss defendant's postconviction petition. Postconviction counsel filed a response to the State's motion to dismiss. At the March 2019 hearing on the motion, following arguments, the trial court granted the State's motion and dismissed defendant's postconviction petition.

¶ 16    This appeal follows.

¶ 17    The Post-Conviction Act provides a tool by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. 725 ILCS 5/122-1(a) (West 2016); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). Postconviction relief is limited to constitutional deprivations that occurred at the original trial. *Id.* at 380. "A proceeding brought under the [Post-Conviction Act] is not an appeal of a defendant's underlying judgment. Rather, it is a collateral attack on the judgment." *People v. Evans*, 186 Ill. 2d 83, 89 (1999). "The purpose of [a postconviction] proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal." *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). Thus, *res judicata* bars consideration of issues that were raised and decided on direct appeal, and issues that could have been presented on direct appeal, but were not, are considered forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-47 (2005).

¶ 18    At the first stage, the circuit court must independently review the postconviction petition within 90 days of its filing and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). "The petition may not be dismissed as untimely

8

at the first stage of the proceedings." *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). If the circuit court does not dismiss the postconviction petition as frivolous or patently without merit, then the petition advances to the second stage. Counsel is appointed to represent the defendant, if necessary (725 ILCS 5/122-4 (West 2016)), and the State is allowed to file responsive pleadings (725 ILCS 5/122-5 (West 2016)). At this stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. See *Coleman*, 183 Ill. 2d at 381. If no such showing is made, the petition is dismissed. If, however, a substantial showing of a constitutional violation is set forth, then the petition is advanced to the third stage, where the circuit court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2016).

¶ 19    On appeal, defendant argues that the trial court did not properly comply with this court's mandate, and as a result, his postconviction counsel provided unreasonable assistance in his postconviction proceedings.  Specifically, defendant contends that the trial court misapprehended this court's prior decision remanding for further second stage proceedings and the court improperly constrained postconviction counsel from investigating defendant's postconviction claims in compliance with Rule 651(c).

¶ 20    Defendant has not challenged the dismissal of his postconviction petition on the merits. Accordingly, defendant as a result, has forfeited any argument that his claims of constitutional deprivation were meritorious. *People v. Cotto*, 2016 IL 119006, ¶ 49; Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing").

¶ 21    In the prior appeal, we reversed the trial court's premature dismissal that was entered before defendant's prior postconviction counsel had completed his investigation and filed a Rule

651(c) certificate of compliance. We observed that the Post-Conviction Act did not provide a timeframe beyond a defendant's filing deadlines. *Sanchez*, 2017 IL App (1st) 160761-U, ¶ 18. We offered no additional guidelines for the trial court or postconviction counsel regarding the second stage proceedings.

¶ 22    On remand, a new postconviction counsel was appointed and he began his investigation of defendant's postconviction claims. According to the record, counsel's investigation was delayed due to a miscommunication with the office of the clerk of the circuit court when he sought the appellate record. Once counsel obtained the record, he informed the trial court of his investigation status and spoke with the prior postconviction counsel on the case. Ultimately, counsel filed an affidavit from defendant to support his claims in the petition and filed a Rule 651(c) certificate of compliance. For the reasons that follow, we find postconviction counsel provided reasonable assistance to defendant.

¶ 23    The right to counsel in postconviction proceedings is statutory as provided in the Post-Conviction Act, not a constitutional right. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Further, "a defendant in postconviction proceedings is entitled to only a 'reasonable' level of assistance, which is less than that afforded by the federal or state constitutions." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Rule 651(c) provides that postconviction counsel file a certificate stating that he or she (1) consulted with the defendant to ascertain his contentions of deprivation of constitutional right, (2) examined record of the proceedings at the trial, and (3) amended the defendant's pro se petition, if necessary, to ensure that defendant's contentions are adequately presented. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 24    "Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro*

*se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). The supreme court has "repeatedly held that the purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *Perkins*, 229 Ill. 2d at 43-44 (citing *People v. Pinkonsly*, 207 Ill. 2d 555, 568 (2003), quoting *People v. Owens*, 139 Ill. 2d 351, 364-65 (1990)).

¶ 25    Additionally, the supreme court in *Pendleton* observed that " 'post conviction counsel is only required to investigate and properly present the *petitioner's* claims.' " (Emphasis in original.) *Pendleton*, 223 Ill. 2d at 472 (quoting *Davis*, 156 Ill. 2d at 164). "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' " *Id*. at 475 (quoting *Davis*, 156 Ill. 2d at 164). " 'Postconviction counsel is not required to comb the record for issues not raised in the defendant's *pro se* post-conviction petition.' " *People v. Rials*, 345 Ill. App. 3d 636, 641 (2003) (quoting *People v. Helton,* 321 Ill. App. 3d 420, 424-25 (2001)). A postconviction petitioner is "not entitled to the advocacy of counsel for purposes of exploration, investigation and formulation of potential claims." *Davis*, 156 Ill. 2d at 163.

¶ 26    "The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that post-conviction counsel provided reasonable assistance." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id*. We review whether counsel substantially complied with Rule 651(c) *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13. Under a *de novo* standard, we give no deference to the trial court's judgment or reasoning. *People v. Carlisle*, 2019 IL App (1st) 162259, ¶ 68. "*De novo* consideration means

that the reviewing court performs the same analysis that a trial judge would perform." *Id.*

¶ 27    The gist of defendant's argument on appeal is that the trial court impeded postconviction counsel's ability to investigate and represent defendant during the second stage proceedings. However, under a *de novo* review, we review counsel's representation anew with no deference to the trial court's reasoning. Thus, we do not consider the trial court's findings or statements regarding postconviction counsel's compliance with Rule 651(c).

¶ 28    Postconviction counsel filed a Rule 651(c) certificate and stated that he had (1) consulted with defendant in person and by telephone "on numerous occasions to ascertain his contentions of deprivations of constitutional rights"; (2)  obtained and examined the transcripts of defendant's guilty plea in all three cases as well as the appellate record and decision; and (3) examined defendant's *pro se* petition and assisted defendant in preparing a new *pro se* affidavit. Counsel also stated that defendant's *pro se* pleadings and documents "adequately" presented defendant's claims of deprivations of constitutional rights and "there is nothing that can be added by an additional amended or supplemental petition." Because counsel filed a Rule 651(c) certificate, postconviction counsel is presumed to have provided reasonable assistance to defendant.

¶ 29    Defendant has failed to rebut the presumption that postconviction counsel substantially complied with Rule 651(c) and provided reasonable assistance. Rather, defendant contends that his postconviction counsel provided unreasonable assistance because he failed to raise certain claims. Specifically, defendant asserts that his counsel should have raised issues relating to the lack of a factual basis for his guilty plea and incomplete admonitions by the trial court at his plea proceedings. However, neither of these claims was presented in defendant's petition. As previously observed,  postconviction counsel is only required to investigate and properly present

12

the petitioner's claims. *Pendleton*, 223 Ill. 2d at 472. The purpose of Rule 651(c) is to ensure that counsel shapes defendant's claims into proper legal form and presents those claims to the court. *Perkins*, 229 Ill. 2d at 43-44. Accordingly, postconviction counsel was not obligated to present new claims in an amended or supplemental petition.

¶ 30 Moreover, the record supports postconviction counsel's fulfillment of his Rule 651(c) requirements. Counsel stated on the record that he discussed the case with defendant in person. Based on that discussion, counsel informed the trial court that he was seeking documents from defendant's prior postconviction counsel. Further, as the record shows, counsel strongly advocated for the time necessary to complete his investigation and explained his belief that this court's remand allowed him the opportunity for a full investigation. While the trial court expressed its disagreement, counsel was given sufficient time to complete his investigation. Counsel sought the complete appellate record, with transcripts, and once he obtained it, he reviewed it. Counsel also spoke with defendant's prior postconviction counsel and following that conversation, counsel stated that he had completed his investigation. Counsel also assisted defendant in preparing an affidavit to support his petition. Additionally, counsel asked the court to consider a *pro se* document submitted by defendant with the petition. Accordingly, defendant has failed to overcome the presumption that counsel substantially complied with Rule 651(c).

¶ 31 The mandate from our prior appeal was to allow postconviction counsel time to complete his investigation and file a Rule 651(c) certificate. That mandate was followed on remand. Therefore, we find that postconviction counsel provided reasonable assistance.

¶ 32 Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 33 Affirmed.