UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31162
_____

IN RE: BILLY RAY TATUM,

Movant.

--------------------
Motion for an order authorizing
the United States District Court for the Western
District of Louisiana to consider
a successive 28 U.S.C. § 2255 motion
--------------------
November 15, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

BY THE COURT:

Billy Ray Tatum has filed a motion with us, seeking authorization to file a successive 28 U.S.C. § 2255 motion in district court to vacate, set aside, or correct his sentence. Tatum proposes to argue in district court that his conviction and sentence under 21 U.S.C. § 841 are unconstitutional because the type and quantity of drugs he possessed are elements of the offense and therefore should have been alleged in the indictment, presented to a jury, and proved beyond a reasonable doubt. Tatum grounds his assertions in the Supreme Court's recent decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000). Tatum also cites Castillo v. United States, 120 S. Ct. 2090 (2000), and Jones v. United States, 526 U.S. 227 (1999), in support of his argument. We deny his motion.

# I

## FACTS AND PROCEEDINGS

In 1992, Tatum was convicted pursuant to a guilty plea of (1) possessing with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and (2) of using and carrying a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to 193 months' and 22 days' imprisonment for the possession offense and 60 months' imprisonment for the weapons offense, to run consecutively. Tatum did not file a direct appeal.

Tatum filed his first motion for § 2255 relief on January 7, 1993. The district court denied Tatum's motion and we affirmed that denial. Tatum subsequently filed a number of § 2255 motions, all of which were denied.

# II

## ANALYSIS

Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255. We may authorize the filing of a successive § 2255 motion in the district court only if the movant makes a prima facie showing to us that his claim relies on either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense;

2

or (2) a new rule of constitutional law that was previously unavailable has been made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. §§ 2244(b)(3)(C) and 2255; see United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998).

Tatum does not argue that any of his proposed claims are based on newly discovered evidence. Rather, he contends that he is entitled to file a successive § 2255 motion because his claims are based on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review.

The cases on which Tatum relies do not, however, set forth new rules of constitutional law that the Supreme Court made retroactive to cases on collateral review. In Jones, the Supreme Court reviewed a federal car-jacking statute which provided increased penalties if the car-jacking offense involved serious bodily injury or death. The Court held that the statutory facts of serious bodily injury or death are elements of the offense, not mere sentencing factors. Jones, 526 U.S. at 229-30, 251-52. Jones was decided largely on statutory construction grounds, and the Court expressly stated that it was not announcing a rule of constitutional law but was "merely interpret[ing] a particular federal statute . . . ." Id. at 252 n.11.

In Castillo, the Supreme Court interpreted 18 U.S.C. § 924(c)(1). The Court held that, by its references to particular types of firearms, Congress intended to define a separate, aggravated crime not simply to authorize an enhanced penalty. Castillo, 120 S. Ct. at 2096.

3

In *Apprendi*, the Court confirmed its earlier holding in *Jones* and held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362-63.

Tatum cannot show that the holdings in any of the cases on which he relies were made to apply retroactively on collateral review by the Supreme Court. When seeking leave to file a successive § 2255 motion on the basis of a new rule of constitutional law, a movant "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule . . . or applies the rule in a collateral proceeding." *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998)(internal quotation marks and citation omitted). *Apprendi*, *Castillo*, and *Jones* did not involve collateral proceedings. *See Apprendi*, 120 S. Ct. at 2352-54 (detailing procedural history); *Castillo*, 120 S. Ct. at 2091-92 (same); *Jones*, 526 U.S. at 229-32 (same). Neither has the Court expressly stated that the holdings in any of those cases are to be applied retroactively to cases on collateral review. Tatum has not identified any Supreme Court opinion that makes those cases apply retroactively on collateral review and we have failed to find any on our own.

Tatum has not met the statutory requirements for filing a successive 28 U.S.C. § 2255 motion. His motion for authorization to file a successive 28 U.S.C. § 2255 motion is therefore DENIED.

4