IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60532
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH HAROLD GRAVES, also known as Joe Diamond,
also known as Cowboy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:98-CV-214
(1:98-CV-214)
--------------------
January 15, 2001

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Joseph Harold Graves, federal inmate #11851-018, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the denial of his 28 U.S.C. § 2255 motion. "To proceed on appeal [IFP], a litigant must be economically eligible, and his appeal must not be frivolous." Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). Although Graves is economically eligible, he fails to present this court with an appellate issue of arguable merit.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Graves fails to raise an argument concerning the merits of any of his claims presented in the district court. Thus, any such argument is deemed abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Graves argues that the district court violated procedural rules and due process by taking twenty-six months and six days to decide Graves' § 2255 motion. Section 2255 does not state a period within which the district court must decide the motion. Cf. 28 U.S.C. § 2244(b)(3)(D) (court of appeals has 30 days in which to consider motion for authorization to file successive § 2254 application). Although Rule 4(b) of the Rules Governing Section 2255 Proceedings for the U.S. District Courts directs the district court to examine the 28 U.S.C. § 2255 motion promptly, a district court has discretion in controlling its docket. See Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 218 (5th Cir.), cert. denied, 525 U.S. 1055 (1998); Topalian v. Ehrman, 954 F.2d 1125, 1139 (5th Cir. 1992); In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990).

Graves misunderstands this court's mandamus orders. We gave Graves the opportunity to renew his mandamus petition if the district court had not determined the pending 28 U.S.C. § 2255 motion within sixty days from our order. See In re Graves, No. 00-60165 (5th Cir. June 14, 2000); In re Graves, No. 98-00462 (5th Cir. Apr. 7, 1999). Within thirty days from the denial of Graves' second mandamus petition, the district court issued its twenty-seven-page memorandum order and denied 28 U.S.C. § 2255 relief. Graves fails to challenge the district court's analysis

on any of his 28 U.S.C. § 2255 claims.  Nor does he assert that he was prejudiced by the length of time leading to the court's ruling except to contend that the court determined the matter without requiring a response from the Government or allowing Graves an opportunity to file a rebuttal.  Rule 4(b) permits a district court to dismiss summarily a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

The twenty-six-month period that elapsed before the district court ruled on Graves' § 2255 motion does not amount to an abuse of the court's discretion.  The § 2255 proceeding was not rendered fundamentally unfair, and thus, due process was not infringed.

For the first time on appeal, Graves challenges his conviction and sentence premised on Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), and Jones v. United States, 526 U.S. 227, 243 n.6 (1999).  Issues raised for the first time on appeal of a 28 U.S.C. § 2255 motion are not considered.  United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).  A defendant seeking to raise a new 28 U.S.C. § 2255 claim would need this court's authorization to file a successive 28 U.S.C. § 2255 motion in the district.  See United States v. Orozco-Ramirez, 211 F.3d 862, 864-65 (5th Cir. 2000).  An Apprendi claim does not meet the standards warranting this court's authorization to file a successive § 2255 motion.  See In re Tatum, ___ F.3d ___ (5th Cir. Nov. 15, 2000), 2000 WL 1707765 at *1-*2.

Because Graves' argument concerning a conflict of interest by the U.S. Attorney and an Assistant U.S. Attorney is raised for the first time in his reply brief, we need not address it.  See United States v. Prince 868 F.2d 1379, 1386 (5th Cir. 1989).

The issues presented by Graves are not arguable on their merits.  See Jackson, 811 F.2d at 261.  IT IS ORDERED that IFP is DENIED.  This appeal is frivolous and therefore is DISMISSED. See 5TH CIR. R. 42.2.

IFP DENIED.  APPEAL DISMISSED.