**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-40473
_____

IN RE JUAN RAUL GARZA,

Movant.

_____

MOTION FOR AN ORDER AUTHORIZING THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION,
TO CONSIDER A SUCCESSIVE HABEAS 28 U.S.C. § 2255 APPLICATION
_____

May 30, 2001

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Juan Raul Garza is scheduled for execution on June 19, 2001. He seeks this court's permission under 28 U.S.C. § 2255 to file a successive motion to vacate his sentence. Because Garza does not meet the standards set forth under that statute, leave to file the successive petition is DENIED.

I.

On July 29, 1993, Garza was convicted by a jury of drug trafficking, money laundering, engaging in a continuing criminal enterprise, and three counts of killing in furtherance of a continuing criminal enterprise. In accordance with the jury's recommendation after a punishment hearing, the district court sentenced Garza to death. This court affirmed the conviction and

sentence, United States v. Flores, 63 F.3d 1342 (5th Cir. 1995), and denied rehearing, United States v. Garza, 77 F.3d 481 (5th Cir. 1995). The facts of Garza's offenses are set forth in that opinion. The Supreme Court denied Garza's petition for writ of certiorari, United States v. Garza, 519 U.S. 825 (1996), and his petition for rehearing, United States v. Garza, 519 U.S. 1022(1996).

Garza filed his first § 2255 motion to vacate his sentence in 1997. That petition was denied, and this court denied Garza's petition to appeal that decision. United States v. Garza, 165 F.3d 312 (5th Cir. 1999). The Supreme Court denied certiorari. United States v. Garza, 528 U.S. 1006 (1999).

## II.

In order to file a successive petition for review under 28 U.S.C. § 2255, Garza must demonstrate either: "(1) newly discovered evidence that, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255 (2000); Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). Garza's sole claim, which falls under the second prong of the test, is based on the Supreme Court's recent decision in Shafer v. South Carolina, 121 S.Ct. 1263 (2001). Shafer clarified the application

of the Supreme Court's earlier decision in <u>Simmons v. South Carolina</u>, 512 U.S. 154, 114 S.Ct. 2187 (1994), to South Carolina's death penalty procedures. Relying on <u>Shafer</u>, Garza argues that the trial court's failure to instruct Mr. Garza's sentencing jury that the court was required to sentence him to life without the possibility of parole if the jury did not sentence him to death, violated his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. However, <u>Shafer</u> does not create a new rule of constitutional law. Neither does it expressly declare the rule retroactively applicable to cases on collateral review or apply the rule in a collateral proceeding. <u>In re Tatum</u>, 233 F.3d 857, 859 (5th Cir. 2000). In addition, the rule Garza seeks to apply was not "previously unavailable." Garza has already been afforded full review in his original direct appeal of the <u>Simmons</u> claims he seeks to present in this successive motion.

III.

As Garza has not met the statutory requirements, his motion for authorization to file a successive 28 U.S.C. § 2255 motion is therefore DENIED. We also DENY Garza's motion for stay of execution.[*]

---

[*]We grant Garza's motion for appointment of counsel.

3