UNITED STATES of America

v.

Charles L. YOUNG

Criminal No. 398CR10WS.
Civil Action No. 300CV826WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 28, 2001.

Billups S. Allen, Richard T. Starrett, U.S. Attorney's Office, Jackson, MS, for United States.

Larry E. Yarbrough, Jackson, MS, for Charles L. Young.

Charles L. Young, Yazoo City, MS, pro se.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court once again is the defendant Charles L. Young who previously filed a motion to vacate and set aside or correct his sentence pursuant to Title 28 U.S.C. § 2255.[1] The defendant was found

---

1. Title 28 U.S.C. § 2255 provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law,

guilty by a jury of his peers of one count of bank robbery in violation of Title 18 U.S.C. § 2113(a) and (d);[2] and one count of using a firearm during the commission of the bank robbery in violation of Title 18 U.S.C. § 924(c)(1).[3] The defendant was sentenced on December 15, 1998, to serve 121 months on the first count and 60 months on the second count, the two terms to run consecutively. Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit in December of 1999.

After his conviction was affirmed, the defendant sought post conviction relief under Title 28 U.S.C. § 2255, claiming that his conviction and sentence should be set aside because his attorney had been ineffective. The defendant's only contention against his attorney's performance is the alleged failure of counsel to object to this court's application of the United States Sentencing Guidelines, a matter he did not raise on direct appeal. The defendant contended that this court misapplied § 2B3.1(b) (2)(C)[4] of the Guidelines when it enhanced his sentence, and that counsel should have objected to this application. This court denied the defendant's motion to vacate, noting a district court's technical

---

or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

2. Title 18 U.S.C. § 2113(a) and (d) provides that:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—Shall be fined under this title or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

3. Title 18 U.S.C. § 924(c)(1) provides in pertinent part that "any person who, during and

in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii)if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

4. United States Sentencing Guideline § 2B3.1(b)provides as follows:

Specific Offense Characteristics

(1) If the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense, increase by 2 levels.

(2) (A) If a firearm was discharged, increase by 7 levels; (B) if a firearm was otherwise used, increase by 6 levels; (C) if a firearm was brandished, or possessed, increase by 5 levels; (D) if a dangerous weapon was otherwise used, increase by 4 levels; (E) if a dangerous weapon was brandished, or possessed, increase by 3 levels; or (F) if a threat of death was made, increase by 2 levels.

application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255. *United States v. Segler*, 37 F.3d 1131, 1133–34 (5th Cir. 1994). This court also noted that the manner in which this court employs the Guideline criteria to determine a sentence implicates no constitutional issues, *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir.1994), and cannot serve as the basis for the defendant's claim that counsel's performance was deficient under the Sixth Amendment of the United States Constitution.[5] Defendant's ineffective assistance of counsel claim was found by this court to have no merit.

Now, the defendant returns to this court with a motion purported to be filed in accordance with Title 18 U.S.C. § 3582(c)(2).[6] The defendant argues that the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) amended the United States Sentencing Guidelines so as to bring his claim within the auspices of § 3582(c)(2). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond

a reasonable doubt." *Id.*, 120 S.Ct., at 2362–63.

 Pursuant to § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* Title 18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10[7], entitled "Retroactivity of Amended Guideline Range (Policy Statement)." *United States v. Drath*, 89 F.3d 216, 217–18 (5th Cir.1996). Thus, where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). However, if no amendment to a particular Guideline is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized. Moreover, in order to be applicable, the amendment must be retroactive. *See United States v. Drath*, 89 F.3d, at 218, noting that § 3582(c)(2) applies

---

5. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

6. Title 18 USCA § 3582(c)(2) provides that, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

7. Section 1B1.10(c)provides that, "[a]mendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, and 516."

only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d). *See also United States v. Whitebird,* 55 F.3d 1007, 1009 (5th Cir. 1995); and *United States v. Pardue,* 36 F.3d 429, (5th Cir.1994) (a § 3582(c)(2) motion applies only to guideline amendments that operate retroactively, as listed in the policy statement, U.S.S.G. § 1B1.10(d)).

 In the instant case the defendant has named no amendment to the Sentencing Guidelines made pursuant to Title 28 U.S.C. § 994(*o*) which has been applied retroactively to the Guidelines under which the defendant was sentenced by this court.[8] For this reason alone, the defendant's motion for reduction of his sentence pursuant to Title 18 U.S.C. § 3582(c)(2) must be denied.

Recently, in the case of *United States v. Griffin,* 2001 WL 540997 (E.D.La. May 21, 2001) (NO. CR.A.93–491), the district court for the Eastern District of Louisiana held that an *Apprendi* challenge may not be brought pursuant to Title 18 U.S.C. § 3582(c)(2) because it does not relate to a change in the Sentencing Guidelines by the Sentencing Commission. The Louisiana district court relied on the recent Seventh Circuit case of *United States v. Smith,* 241 F.3d 546, 548 (7th Cir.2001), and the Fourth Circuit case of *United States v. Smith,* 248 F.3d 1137, 2001 WL 427790

(4th Cir. Apr. 26, 2001) (not reported) (any argument that Smith's sentence violates *Apprendi* was a new issue, one not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines). *See also United States v. Paul,* 2001 WL 883130 (E.D.La. July 26, 2001) (the clear and unambiguous language of section 3582(c)(2) establishes that this statute is not designed to encompass sentencing challenges based upon court decisions; rather, section 3582(c)(2) is intended to allow courts to modify a term of imprisonment only if the sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*) subsequent to the sentence being imposed upon the defendant).

 This court agrees with the rationales of *Griffin* and *Paul* that section 3582(c)(2) applies only when an amendment to a Sentencing Guideline is issued subsequent to a sentence imposed on a defendant, and has no application to court decisions. Furthermore, there is no authority which applies the court's decision in *Apprendi* retroactively. *In re Tatum,* 233 F.3d 857, 859 (5th Cir.2000) (finding no United States Supreme Court opinion or other authority that applies *Apprendi* retroactively).

Therefore, in light of the foregoing, this court finds that the defendant's motion submitted pursuant to Title 18 U.S.C.

---

**8.** Title 28 U.S.C. § 994(*o*) provides that, "[t]he Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work."

§ 3582(c)(2) is not well taken and the same is denied.