**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 02-30359

(Summary Calendar)

————————————

GABRIEL JENNINGS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; CARL CASTERLINE,

Respondents-Appellees.

————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
No. 01-CV-1194

————————————————————

October 28, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gabriel Jennings, federal prisoner #29156-053, appeals the district court's dismissal of his 28

U.S.C. § 2241 petition. The district court dismissed the petition for lack of jurisdiction. We affirm.

Jennings was convicted in 1991 in the Eastern District of Pennsylvania on numerous counts,

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including narcotics violations, firearms charges, racketeering offenses, and maintaining a continuing criminal enterprise. He was incarcerated in the Western District of Louisiana.

First, we address the district court's denial of Jennings' motion to file an amended § 2241 petition. We review the district court's decision for abuse of discretion. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). The proposed amended petition raises the same issues raised in Jennings' initial § 2241 petition. Accordingly, the district court did not abuse its discretion in denying Jennings' motion to amend.

The district court dismissed Jennings's § 2241 petition for lack of jurisdiction. In examining that decision, this Court reviews the district court's findings of fact for clear error and conclusions of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The Western District of Louisiana, as the place of Jennings' incarceration, can exercise jurisdiction only over a properly filed § 2241 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Jennings' § 2241 petition challenges the validity of his conviction. Generally, a petitioner should attack his conviction by filing a § 2255 petition in the district that sentenced him (in Jennings' case, the Eastern District of Pennsylvania). A petitioner should, in most cases, use a § 2241 petition solely to challenge the manner in which his sentence is executed. *Id.* at 900-01.

We have held, however, that a petitioner can attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the "savings clause" of 28 U.S.C. § 2255. Jennings must show that his remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. *Id.* at 901. Specifically, he must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a

nonexistent offense" and that his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Id.* at 904.

Jennings bears the burden of demonstrating that the "savings clause" applies to him. *Id.* at 901. He makes no attempt to show how his claims meet the above test. Nor does it appear that he could meet this burden. Most of Jennings claims are allegations that he could have brought in an initial § 2255 petition. The only claims that might meet the requirements of the savings clause are his claims based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi*, however, does not apply retroactively to cases on collateral review. *United States v. Brown*, __F.3d__, 2002 WL 2027346 at *1 (5th Cir. Sept. 5, 2002); *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000). Therefore, Jennings cannot bring an *Apprendi* claim.

Because Jennings' cannot demonstrate that his petition falls under the savings clause of § 2255, the district court correctly dismissed his § 2241 petition for lack of jurisdiction. Accordingly, the dismissal of Jennings' § 2241 petition is AFFIRMED. Jennings' motions to supplement the record on appeal and for judicial notice are DENIED.

AFFIRMED; MOTIONS TO SUPPLEMENT RECORD ON APPEAL AND FOR JUDICIAL NOTICE DENIED.