IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40413
Summary Calendar
_____

JESUS D. LUJAN,

Petitioner-Appellant,

versus

N. L. CONNER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-349
--------------------
November 5, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Daniel Lujan, federal prisoner #60851-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction and moves for bond pending appeal. Lujan's 28 U.S.C. § 2241 petition challenged his conviction for conspiracy to possess with intent to distribute marijuana and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. He argues that his conviction and sentence are unconstitutional because the quantity

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of drugs he possessed is an element of the offense and therefore should have been charged in the indictment and proven beyond a reasonable doubt consistent with the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Lujan acknowledges that a 28 U.S.C. § 2255 motion is the primary means of collateral challenge of a federal sentence alleging errors "at or prior to sentencing." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). He argues however that he should be able to proceed under § 2241 based on the "savings clause" of § 2255.

To proceed under this clause petitioner must show that his claim is (i) based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a non-existent offense, and (ii) that the claim was foreclosed by circuit law at the time it should have been raised in petitioner's trial, appeal or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). However, we have held that Apprendi is not retroactively applicable, In re Tatum, 233 F.3d 857, 859 (5th Cir. 2000), causing petitioner's "savings clause" claim to fail.

Accordingly, the district court was correct to treat Lujan's 28 U.S.C. § 2241 petition as a successive § 2255 motion. For this claim to be cognizable in a successive § 2255 motion Lujan must show that his claim relies on a new rule of constitutional law that was previously unavailable. Reyes-Requena v. United States, 243

F.3d at 896. Further, because his conviction was final before the Court's decision in <u>Apprendi</u>, that decision must be retroactively applicable on collateral review for the district court to have jurisdiction to hear this claim. <u>Id.</u> As we have held that <u>Apprendi</u> is not retroactively applicable, the district court lacks jurisdiction to hear Lujan's successive § 2255 motion.

The district court's dismissal of Lujan's petition for lack of jurisdiction is AFFIRMED, and Lujan's motion for bond pending appeal is DENIED.

AFFIRMED; MOTION DENIED.