IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51271
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HUMBERTO DIAZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CV-485-H
USDC No. EP-96-CR-82-1-H
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Humberto Diaz, federal prisoner # 00366-196, appeals the

denial of his 28 U.S.C. § 2255 motion.  This court granted a

certificate of appealability (COA) on the following issues:

(1) whether Diaz's postjudgment motion raising his Apprendi v.

New Jersey, 530 U.S. 466 (2000), claim should have been construed

as a postjudgment motion to amend under FED. R. CIV. P. 15(a) and

whether Diaz reasonably could have raised the claim prior to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's judgment; (2) whether the district court was required to construe Diaz's postjudgment motion as a successive 28 U.S.C. § 2255 motion; and (3) whether Diaz's 360-month sentence violates Apprendi.

Subsequent to the grant of COA, this court held that Apprendi is not retroactively applicable to initial petitions under 28 U.S.C. § 2255. See United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002). Also, construing Diaz's postjudgment motion as a successive 28 U.S.C. § 2255 motion would be unavailing; Apprendi does not provide proper grounds for a successive 28 U.S.C. § 2255 motion. In re Tatum, 233 F.3d 857, 859 (5th Cir. 2000). Therefore, resolution in Diaz's favor of all of the issues on which COA was granted is precluded, and Diaz's claims fail.

Diaz has filed several motions in this court to supplement his brief and the record on appeal and for appointment of counsel on appeal. Because the success of these motions also depended on the viability of the retroactive application of Apprendi on collateral review, those motions are DENIED.

AFFIRMED; MOTIONS DENIED.