**REVISED FEBRUARY 8, 2016**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40402
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

STEVIE WAYNE JOHNSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:13-CV-223
USDC No. 9:99-CR-27

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40402

Stevie Johnson, federal prisoner # 33435-077, was convicted of conspiring to possess cocaine with intent to distribute and possessing cocaine with intent to distribute and is serving a 240-month sentence. The district court determined that the instant filing was an unauthorized successive 28 U.S.C. § 2255 motion and dismissed it. Johnson requests a certificate of appealability ("COA") to appeal that dismissal. He insists that he did not file a § 2255 motion and that he is entitled to relief on his claim that he is actually innocent because he was prosecuted on the wrong indictment.

Johnson did not seek a COA in the district court, nor did the district court deny him a COA *sua sponte*. Because the district court has not made a COA ruling, we assume without deciding that we lack jurisdiction over this appeal. *See* Rule 11(a), RULES GOVERNING § 2255 PROCEEDINGS; *Cardenas v. Thaler*, 651 F.3d 442, 443–44 & n. 2 (5th Cir. 2011). We decline to remand to the district court for a COA ruling because a remand would be futile. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Rather, we DISMISS for want of jurisdiction. *See id.*

Contrary to Johnson's belief, the label he placed on his pleading was not dispositive. *See Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011). Because Johnson raised a claim grounded in an "error[] that occurred at or prior to the sentencing," the district court did not err by concluding that his suit arose under § 2255. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (internal quotation marks and citation omitted). The court likewise did not err by concluding that this § 2255 motion was unauthorized and successive. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000); *see also* 28 U.S.C. § 2244(b)(3)(A). Jurists of reason would not debate the propriety of the dismissal of the instant suit as an unauthorized successive § 2255 motion. *See*

*Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  The COA motion is DENIED as moot.

Because Johnson has ignored this court's warning against filing frivolous or repetitive filings, he is ordered to pay a sanction of $100 to the clerk of this court.  He is barred from filing any pleading challenging his drug-related convictions in this court or any court subject to this court's jurisdiction until the sanction is paid in full unless he first obtains leave of the court in which he seeks to file his pleadings.  Johnson is further warned that any future frivolous, repetitive, or otherwise abusive filings will subject him to additional and progressively more severe sanctions.